# Cleckler v. Morrow.

## Order to Establish Road.

(Decided April 20, 1907.  43 So. Rep. 784.)

1. *Private Roads; Proceedings to Establish; Parties.*—Under Sec. 2497, Code 1896, when an appeal is taken to the circuit court by a landowner from an order of the commissioner's court confirming a report of viewers of a private road, the adversary party to the landowner is the petitioner for the road.

[Cleckler v. Morrow.]

2. *Same.*—On an appeal under section 2450, Code 1896, from an order of the commissioner's court confirming the report of the viewers of a private road the only matter to be contested in the circuit court is the amount of damages that the landowner may be entitled to for the part of his land proposed to be taken.

3. *Same.*—On appeal from an order of the commissioner's court confirming the report of the viewers on the laying out of a private road, the questions as to whether there was a necessity for the road and a reasonable demand for it, and whether the report of the viewer should be set aside, were not matters to be reviewed by the circuit court.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Application by Edward King and others to establish a private road. After the commissioners' court had acted, the matter was carried to the circuit court by certorari to review the action of the court in confirming the report of the viewers of the road. Motion was made to dismiss the appeal because it was barred, and because no bond for cost was given as required by law. The proceedings seem to have been first styled in the circuit "Rufus Morrow v. Court of County Commissioners," but seem afterwards to have been treated as the appeal of Rufus Morrow against J. G. Cleckler, who does not seem to have been one of the petitioners for the road in the original petition. Morrow filed a number of pleas among which were the following: "(2) There was no necessity for said road, nor reasonable demand therefor. * * * (7) That the report of viewsers should be set aside. It is a departure from the order establishing said road and petition for its establishment." From the judgment, said Cleckler appeals. Reversed.

STREET & ISBELL, for appellant.—The only issue on the trial of this case was the amount of damages.—Sections 2449 and 2450, Code 1896. The propriety of the establishment of the road is addressed to the discretion of the commissioners' court, and hence, is not reviewable.—*Commissioners' Court v. Bowie,* 34 Ala. 461; *Forsyth v. Wilcox,* 143 Ind. 144; *Pidgen v. Bannerman,*

53 N. C. 53. The report could have been quashed and vacated upon common law certiorari and not otherwise. —*Vedder v. Marion County*, 28 Ore. 77; in re Lovatt's Road, 29 Pa. 350; *Sutherland v. Holmes*, 78 Mo. 399.

JOHN A. LUSK, and H. L. FLYNT, for appellee.—No brief came to the Reporter.

TYSON, C. J.—Edward King and 14 others made application to the commissioners' court of Marshall county to establish a private road, under section 2496 of the Code of 1896. This appellant was not one of the petitioners, but was one among the owners of land through which the road was to pass and proposed to be taken. It appears, from the report of the viewers appointed to view and mark out the route for the proposed road, that the value of the land proposed to be taken, belonging to appellant, was assessed, as was that of the appellee. It is apparent from this statement that his interest in the subject-matter of the litigation is not antagonistic to that of the appellee, but that they belong to the same side of the controversy. The adversary parties to each of them are Edward King and the 14 other persons who made the application to the commissioners' court.

In a proceeding to establish a public road, the adversary party to the landowner or owners is the commissioners' court of the county.—*Commissioners' Court of Lowndes County v. Bowie*, 34 Ala. 461, and the cases cited. Where a public highway is established, the compensation to the landowner is paid by the county, and the road is under the control and supervision of the court of county commissioners.—Section 2443 et seq. of Code of 1896. Where a private road is established, the compensation to the landowner must be paid by those making an application to have it established, and it must be opened and kept in repair by them.—Section 2497 of Code of 1896.

In prosecuting the appeal from the order of the commissioners' court to the circuit court, the parties to it should have been Edward King and the other petition-

ers, and not the appellee or the commissioners. We have said this much in order that, upon another trial, there may be an orderly contest between the proper parties. And the only matter to be contested is the amount of damages to which the appellee may be entitled for that part of his land proposed to be taken.—Section 2450 of the Code of 1896.

Whether there was a necessity for the road, or a reasonable demand for it, and whether the report of the viewers should be set aside, were not matters to be reviewed by the circuit court. The motion to strike pleas 2 and 7 should have, therefore, been granted. The motion to dismiss the appeal was properly denied.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.