# Ballard v. Cook.

*Proceedings to Establish Private Road.*

(Decided Feb. 26. 1910.  52 South. 147.)

1 *Roads; Private Roads; Appeal from Establishment of.*—Under section 5776, one is not entitled to an appeal from an order of the commissioner's court, legislative in its character, establishing a private road. to the circuit court, except to review the amount of compensation allowed; the section only authorizes a trial de novo in the circuit court as to the amount of compensation allowed, and hence, the action of the commissioner's court in confirming viewer's

[Ballard v. Cook.]

report, is not reversible on appeal, on the ground that the proposed road ran through an orchard in violation of the statute.

2. *Same; Instructions.*—Since a trial in the circuit court on appeal from an order of the Commissioner's Court establishing a private road is de novo as to the amount of compensation awarded, charges requested in the circuit court asserting that the case is tried anew and any assessment heretofore made by a jury or by the Commissioner's Court should not control, but that the jury should consider all the evidence before them, were proper and their refusal error.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Proceedings to establish a private road by L. F. Cook against B. R. Ballard. Judgment for petitioner, and respondent appeals. Reversed and remanded.

The charges requested by the respondent were as follows: "(1) The court charges the jury that this case is tried anew by them, and any assessment of damages or compensation heretofore made by the jury or the commissioners' court will not control in this case and its determination. (2) The court charges the jury that they pass upon this case from the evidence before them, and not from the assessment of damages made by either the jury or the commissioners' court."

J. H. WILKERSON and CLAUD RILEY, for appellant. The court erred in limiting the issue to the amount of compensation. The true issue was whether or not the report of the viewers should be rejected as to the route laid out.—Sections 5775, 5776 and 5842, Code 1907. Counsel also insist that the court erred in refusing to permit evidence as to this issue. Counsel also insist that the court erred in refusing the charges requested, but cite no authority in support of their contention.

J. A. CARNLEY, for appellee. Counsel insist that under the sections of the Code applicable to this case that the only question presented for review in the circuit

court was the amount of compensation to be awarded, and that therefore, the court committed no error in limiting the issues and the evidence to that point.— *Com. Ct. of Colbert County v. Street,* 116 Ala. 28. The Commissioners' Court is vested with peculiar power and a large and irrevisable discretion in the matter of establishing roads.—*Hill v. Bridges,* 6 Port. 197; *Lownde County v. Bowie,* 34 Ala. 461; *Lowndes County v. Hearne,* 59 Ala. 371. The power exercised is quasi legislative.—*Barks v. Jefferson County,* 119 Ala. 605.

SIMPSON, J.—This case originated in the commissioners' court on a petition filed by the appellee to establish a private road over the lands of appellant. Viewers were appointed and made their report of the route to be established and assessed the damages. Appellee appeared before said court and moved the rejection of the report; one of the grounds being that the route marked out ran through his orchard, garden, or curtilage, contrary to section 5842, Code 1907, which provides that "no road must be opened through any person's yard, garden, orchard, stable lot, ginhouse or curtilage, without his consent." The case was appealed to the circuit court by said Ballard, and the court, over the objections of said Ballard, instructed the jury that the only matter for their consideration was "what would be a fair and reasonable amount to allow respondent as damages for the land actually taken and the injuries to the other and adjoining lands of respondent," and refused to allow testimony as to whether or not the road would pass through the garden or orchard of respondent. The main question, which is argued at length by both appellant and appellee, is whether or not there was error in thus limiting the issue to be tried.

Section 5842 of the Code provides that, "in establishing a private road, the same rules must be observed, and the same proceedings had, as in the case of public roads." Section 5774 provides how the "viewers" shall mark out the route and make the assessment for compensation, and for appointing a day "on which the court will hear any objections to said report, or to any valuation therein shown." Section 5775 provides for the hearing of such objections, authorizes the court to increase the amount of damages assessed by the jury (which was done in this case), provides that "if the court accept the route and confirm the report, and if no appeal is taken from that order and judgment, within the time hereinafter prescribed," the compensation shall be paid, etc. Section 5776 provides that "the owner of the lands, if dissatisfied with the assessment of damages made by the viewers, is entitled, as of right, to an appeal from the judgment of the court of county commissioners confirming the same to the circuit court of the county, and on such appeal to a trial de novo by jury."

This question, as to the construction of this statute, has never been before this court heretofore. Under the old law, and at an early day, when there was no statutory provision for an appeal, the question arose as to whether a writ of error would lie to revise the judgment of the commissioners' court in refusing to lay out a road, and the judgment of the circuit court refusing to grant the writ was affirmed; the court saying: "The discretion reposed in that court is of so peculiar a nature, in relation to their jurisdiction over roads and many other matters, that it is difficult to perceive for what reason it could be supposed that this or any other court is invested with power to revise its judgments. * * * The Legislature, in committing this species of

local legislation to a tribunal emanating immediately
from the people of the county, cannot be supposed to
have intended their discretion to be subject to revision.
Cases may arise in which an improper action by the
court of commissioners might be controlled by a court
of chancery, if injury was about to result to an indi-
vidual."—*Hill v. Bridges,* 6 Port. 197, 199, 200. In an-
other case, in which the proceedings in the commission-
ers' court were taken up to the circuit court on a writ
of certiorari, this court said: "Upon the question of
the expediency of opening or altering a public road,
that court exercises a quasi legislative authority, and
its decision is not revisable. * * * It does not act
alone upon evidence produced according to legal rules,
but is guided, to some extent, by its knowledge of the
geography of the country, the wants of the people, and
the ability of the neighborhood to keep the road in re-
pair."—*Commissioners' Court v. Bowie,* 34 Ala. 461,
464, 468. In another case, taken up by certiorari before
the enactment of the statute providing for an appeal,
this court reaffirmed the quasi legislative authority of
the commissioners' court in establishing roads, and de-
clared its acts not revisable, "unless its action is pro-
ductive of injury to or interference with the rights of
property of individuals."—*Commissioners' Court v.
Hearne,* 59 Ala. 375.

In the case of *Commissioners' Court v. Street,* 116
Ala. 28, 36, 22 South. 629, it is stated that "the judg-
ment should have only declared the amount of compen-
sation assessed by the jury;" but we do not consider
that as settling the point now under consideration, as
the question in that case was simply whether the judg-
ment should be rendered against the commissioners'
court for costs, and the expression used meant only
that the court could not add, to the judgment fixing the

amount assessed as damages, a judgment against the commissioners' court for the amount. The case of *Barks v. Jefferson Co.,* 119 Ala. 600, 605, 24 South. 505, was since the adoption of the Code of 1886, which is the first one containing this provision for an appeal (Code 1886, § 1394), and the question of the construction of said section was not before the court, as it was an action for damages on account of a defective bridge; but the court quotes with approval the extract from *Commissioners' Court v. Bowie, supra,* to the effect that the act of said court in establishing a public road is legislative, and not reviewable.

While section 5776 might have been more definitely expressed, yet, with the judicial history before them, we hold that it was not the intention of the Legislature to provide for a review, on appeal, of the legislative work of the commissioners' court, but only for a trial de novo as to the amount of compensation, and there was no error in limiting the issue in this case. If the commissioners' court has gone beyond its jurisdiction in establishing a private road through a man's orchard without his consent, some other remedy must be invoked. As stated, the trial as to the matter of damages was to be de novo, and the appellant had a right to have the jury instructed to that effect, and the court, having properly limited the issue, should have given the charges requested in writing by the respondent.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.