# Howell *v.* The State.

## *Failure to Work Public Road.*

(Decided Feb. 9, 1911. 54 South. 542.)

1. *Highways; Work on Road.*—By analogy with section 5808, Code 1907, the provisions of section 7737, Code 1907, applies to work on new roads, as well as on those already established.

2. *Same; Within Three Miles.*—In view of the provisions of section 5804, Code 1907, the distance "within three miles" as provided in section 7737, means as measured by a straight line, where there are no barriers impassible by ordinary means intervening, and the computation of distance is not according to the practical and usual way of travel.

APPEAL from Geneva County Court.

Heard before Hon. E. F. ELLSBERRY.

Jim Howell was convicted of failing to work the public road, and he appeals. Affirmed.

W. O. MULKEY, for appellant. Counsel discusses the various sections bearing upon the question, to-wit: sections 5804, 5808 and 7737, and insists that the distance must be computed by the practical and usual routes traveled, and not by an air line, and that the criminal statute has no application where a new road is to be opened, but cites no authority in support of his contention.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel insist that by analogy of the statute relative to opening and working new roads, that prosecution under section 7737, may be had for a failure after notice and warning to work the road, and that by a like anology, the distance must be computed by a direct line,

and not according to the usual route travelled, but they cite no authority in support of their contention. .

SAYRE, J.—This prosecution was had in the county court of Geneva. The affidavit followed the language of section 7737 of the Code of 1907. The evidence showed that the defendant had been duly warned to work on the opening of a new road which the court of county commissioners had ordered to be opened. . Appellant predicates his right to the general charge upon the theory that the section under which the prosecution was instituted has no application to the case of persons warned to work on the opening of a new road, but applies only in cases where persons liable to road duty are warned to work upon roads theretofore established, opened, and in use as public highways. The contention is that the only remedy for the default proved is to be found in section 5808 of the Code, which provides a civil action by the county for a penalty.

Until the enactment of the statute of January 19, 1877 (Acts 1876-77, p. 135), brought forward into the Code of 1907 as section 7737, there was no provision for the criminal prosecution of road defaulters; the only remedy being the civil action provided for by the law which has been brought forward into the Code of 1907 as section 5808. There is no occasion to say what, if any, effect the passage of the act of 1877 had upon the law providing a penalty recoverable by civil suit. A reading of chapter 15, art. 1, of the Code of 1876, which dealt with the subject of public roads, and which had been brought forward, with occasional amendment, from the Code of 1852. where the law of that subject was first codified, leaves no doubt that the civil action was provided as a remedy against defaulters, whether warned to work roads already established and in use, or to

work in the opening of a new road. The act of 1877 intended to provide a more efficient remedy, and, whether intended to be cumulative or exclusive of the old remedy, we see no reason to doubt its application to all cases in which the civil action would have lain previously. It undertakes to reach the case of any person liable to road duty. There is nothing in the nature of the case, nor in the language of the statute, to indicate a legislative intention to discriminate according to appellant's contention. Persons lawfully warned to work in the opening of a new road, and those warned to work roads already in use, are alike summoned to the performance of road duty. We think, therefore, that the general charge was properly refused to the defendant.

Section 5804 of the Code of 1907, providing that "on the opening of new roads, all persons not exempt. living within three miles thereof, are liable to work thereon," the trial court instructed the jury that if the defendant was not exempt from road duty, and lived within three miles of any part of the new road, measuring the distance on an air line, and there was no barrier beween him and the road which was impassable by ordinary means, he was liable to conviction, on proof beyond a reasonable doubt of his failure to work the road upon being legally warned. Defendant requested the court to say that the distance was to be computed according to the practicable and usual way of travel. We are of opinion that the court went far enough in construing the statute in favor of the defendant. To construe it as appellant suggests would require the interpolation of terms into the statute, and for that we have no authority.

The judgment must be affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.