# Jones *v.* The State.

### *Failure to Work the Road.*

(Decided May 1, 1913.   62 South. 306.)

1. *Highways; Failure to Work.*—To constitute the statutory offense denounced by section 7737, Code 1907, the failure to work must have been willful and without sufficient excuse.

2. *Same.*—The word, "willful" when employed in penal enactments may include the idea of obstinacy or perverseness, or an act

intentionally done with a bad motive or purpose, but is also used in a sense meaning nothing more than intentionally, and is so used in section 7737, Code 1907, and, hence, where a defendant elected to obey his father who refused to permit him to work on the road instead of complying with the notice served on him to appear and work on a highway, he was guilty of a willful failure to work without sufficient excuse, as a matter of law.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Walter Jones was convicted of failing to work on the public roads after notice, and he appeals. Affirmed.

It appears from the evidence that, at the time Jones was warned to work the road, he was over 18 years old. It was further attempted to be shown by defendant that Walter Jones' father forbade him to go and work upon the road after the warning, and for that reason he declined to do so. Objections to this evidence were interposed by the state and sustained. At the request of the state the court gave the affirmative charge directing the finding of defendant guilty as charged in the indictment, if the jury believe the evidence beyond a reasonable doubt. The following charges were requested by the defendant: "(1) If you are not reasonably satisfied from the evidence that defendant willfully refused to work the road, you must find him not guilty. (2) If the jury believe from the evidence that defendant had a sufficient excuse for failing to work the road, they must find defendant not guilty."

JOHN E. MITCHELL, for appellant. Under the evidence in this case, there was not a willful failure to work on the road, but a good excuse.—*Johnson v. The State,* 61 Ala. 11; *McManus v. The State,* 36 Ala. 291; *Barnes v. The State,* 88 Ala. 204; *Felton v. U. S.,* 96 U. S. 699; 40 Cyc. 944. It was clearly a question for the jury whether there was sufficient excuse.—*Morse v. The State,* 143 Ala. 87.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Under the evidence in this case, defendant has violated section 7737, Code 1907, and the court properly gave the affirmative charge.—*Godfrey v. State,* 31 Ala. 323; *Martin v. State,* 90 Ala. 602; *McCormack v. State,* 102 Ala. 163; *Reynolds v. State,* 154 Ala. 17.

WALKER, P. J.—To constitute the statutory offense with which the appellant was charged, his failure to work the public roads must have been willful, and without a sufficient excuse.—Code, § 7737; *Ward v. State,* 88 Ala. 202, 7 South. 298. The evidence was without conflict to the effect that at the time he failed and refused to work the public road, when duly notified or warned to do so, he was a minor over 18 years of age, and that his only excuse for such failure or refusal was that his father would not let him go, or permit him to work the public road. It is not claimed that the appellant's excuse was a sufficient one; but the claim is that, under the evidence, it was a question for the jury whether his failure or refusal was "willful," within the meaning of the statute, and that the court erred in giving the written charge requested by the state and in refusing those requested by the appellant.

It was a necessary inference from the evidence that the appellant intentionally and deliberately elected to obey his father rather than to heed the notice or warning given him. More than this was not required to make his conduct "willful" within the meaning of the statute. The word "willful," when employed in penal enactments, has not always the same meaning.—*Harrison v. State,* 37 Ala. 154. Sometimes it means no more than that the act shall be intentionally done without lawful excuse or necessity.—*Williams v. State,* 83 Ala. 68,

3 South. 743; *D. P. Robinson v. State, Infra,* 62 South. 303. Sometimes it includes the idea of obstinancy or perverseness, or an act intentionally done with a bad motive or purpose.—*Johnson v. State,* 61 Ala. 9; *Mc-Manus v. State,* 36 Ala. 285; 40 Cyc. 944. The statute here under consideration does not make any specific wrongful purpose or intent an essential ingredient of the offense which it creates. Certainly no other motive or purpose is required than one not to do what the law commands, without a suffiicient excuse. We are of opinion that it may properly be said that one's failure or refusal to work the public roads is "willful," within the meaning of the statute, when it is a result of a deliberate choice to recognize and obey an authority other than the law. The conclusion follows that the court was not in error in the rulings complained of.

No error is found in the record.

Affirmed.