[Commissioner's Court of Coffee County v. Ballard.]

lacks the essential characteristics of a judicial proceeding, has been considered by this court in *City of Birmingham v. Wills,* 178 Ala. 198, 59 South. 173. Certainly there would have been no lack of judicial form in the circuit court, or other court of like jurisdiction, to which appellant might have taken her case by appeal. Still other objections were considered in *Garner v. Anniston,* 178 Ala. 430, 59 South. 654. There is no occasion for a restatement of the considerations which influenced the conclusions reached in those cases.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.

# Commissioner's Court of Coffee County *v.* Ballard.

*Certiorari to Annul Order Establishing Private Road.*

(Decided December 4, 1913.   Rehearing denied February 5, 1914.
64 South. 311.)

1. *Roads; Private; Establishment; Condition Precedent.*—Payment of the cost of an appeal from the assessment of damages is not a condition precedent to the jurisdiction of the commissioner's court of a county to establish and direct the opening of a private road, in the absence of an express statute.

2. *Same; Establishment; Term of Court.*—In establishing private roads, the commissioner's courts exercise executive, legislative and judicial power, and hence, may order the establishment of such roads at a time other than the regular terms of such courts provided by section 3310, Code 1907, as sections 5765, 5767, 5774 and 5819, Code 1907, do not restrict such action to the regular terms.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition by B. R. Ballard for certiorari to annul an order of the commissioner's court of Coffee county for

the establishment and opening of a private road. From a judgment granting the writ and quashing the order respondents appeal. Reversed and rendered.

J. A. CARNLEY, for appellant. The other branch of this case is reported in *Ballard v. Cook*, 166 Ala. 105. The damages were paid, and the road was ordered opened under the provisions of sections 5775, and 5842, Code 1907; *Commissioners Court v. Street*, 116 Ala. 28; *Commissioners Court v. Bowie*, 34 Ala. 461; *Barks v. Jefferson County*, 119 Ala. 505. Under these authorities and under section 5776, Code 1907, an appeal lies, and hence, certiorari will not lie. The payment of costs is not a condition precedent where the compensation has been paid.—*Commissioners v. Street, supra;* sections 5841, 5843, Code 1907. The board exercises executive, legislative and judicial powers in establishing roads, and the exercise of their discretion is not reviewable.—Authorities supra, and *Hill v. Bridges*, 6 Port. 197; *Commissioners v. Hearn*, 59 Ala. 376.

RILEY & CARMICHAEL, for appellee. The cost must be paid, and if not paid, the order cannot be made.—*Dawson v. Turner*, 5 S. & P. 195; *Independent P. Co. v. Am. Trust Assn.*, 102 Ala. 475. None of the orders were made at regular terms under section 3310, Code 1907, and hence, the orders were void.—*Stickney v. Huggins*, 10 Ala. 106; *Wightman v. Kosner*, 20 Ala. 446; *Garlic v. Dunn*, 42 Ala. 404; *Jackson v. State*, 102 Ala. 76. The record should show all jurisdictional facts, and in this case it fails to show notice as required by section 5772, Code 1907.—*Hearn v. Commissioners Court*, 59 Ala. 372; *Mollett v. Keenan*, 22 Ala. 484; *Keenan v. Commissioners Court*, 26 Ala. 568; section 5842, Code 1907.

McCLELLAN, J.—This is an appeal from a judgment, in response to petition for certiorari, annulling an order of the commissioners' court of Coffee county, establishing and directing the opening of a private road upon the petition of L. C. Cook. It is a further projection of the contest, fully stated in the report of the appeal in *Ballard v. Cook*, 166 Ala. 105; 52 South. 147.

The petition for certiorari asserts that the "above and foregoing orders and decrees" made by the commissioners' court in the proceeding, "show on their faces that the said court was without jurisdiction to make and enter the same, and are therefore illegal and void." The court below ruled that the judgment for the *costs* on appeal to the circuit court (in respect of the assessment of damages) of the proceeding was a condition precedent to "establishing said private road." We have not been referred to, and are unable to find, any warrant for such a conclusion. Proceedings for the establishment of private roads are largely governed by the methods, etc., prescribed for the establishment of public roads. —Code, § 5842. Code, § 5821, provides that in proceedings under Code, § 5819, the costs shall be paid by the party petitioning, unless the commissioners' court orders the costs paid out of the county treasury. If we assume, for the occasion only, that the stated provisions of section 5821 have force in this instance, it is patent that there was no legislative purpose to fix the payment of costs as a condition to the establishment of the road, public or private. Certainly, in the absence of express statutory declaration to that effect, no such limitation could be asserted. If hardship attends the method of road establishment in this respect, it is the Legislature alone that can afford the remedy. Other considerations, leading to the conclusion we foreshadow, might be stated, but it is not at all necessary.

[Commissioner's Court of Coffee County v. Ballard.]

It is insisted for appellee that the order establishing the private road in question was attempted to be made at a time other than that at which the regular terms of the commissioners' court are provided for by law (Code § 3310), and from this premise appellee's counsel cite the line of authority pronouncing invalid judicial acts by courts of law and equity at times and places other than those authorized by positive law. In proceedings to establish public or private roads the commissioners' courts are clothed with and exercise judicial, executive, and legislative power.—*Ballard v. Cook,* 166 Ala. 110, 52 South. 147. Such courts, in such matters, are not subject to the rule counsel assert.—Code, §§ 5765, 5767, 5774, 5819. A reading of these sections will also demonstrate that the lawmakers did not intend to restrict such "boards," in dealing with public or private roads, to the regular terms provided by law.

The judgment of the circuit court annulling the order of the commissioners' court is reversed, and a judgment will be entered here dismissing the petition for certiorari. The costs of the circuit court below and the costs on appeal will be taxed against the appellee.

Reversed and rendered.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.