# Golden *v.* The State.

### *Failure to Work the Public Road.*

(Decided December 18, 1913. Rehearing denied February 3, 1914.
64 South. 517.)

1. *Highways; Failure to Work; Evidence.*—Where defendant admitted that he knew the place where he should have met the overseer for working a newly laid out public road, but did not go because of the illness of his wife, the fact that the minutes of the court establishing the road as a public thoroughfare contained vague or uncertain descriptions of roads, did not render such minutes inadmissible in evidence.

2. *Same.*—In a prosecution for refusing to work a newly laid out road evidence that the landowner whose property was taken for the road prayed and obtained an appeal, was immaterial, where the only question involved in the appeal was the sufficiency of the award of damages.

3. *Same; Instructions.*—Where defendant set up the sickness of his wife as an excuse for his failure to work the road, a charge asserting that if after a consideration of the evidence the jury is satisfied beyond a reasonable doubt that defendant did not have a sufficient excuse, then it would be their duty to convict, was proper.

4. *Same; Who Subject.*—Under section 7737, Code 1907, one who refuses to work a newly established road is liable to prosecution just as well as those who refuse to work established roads.

5. *Same; Establishing Colateral Attack.*—In a prosecution for refusing to work a newly established road, the minutes or orders of the Commissioner's Court establishing the road is not the subject of a collateral attack, and hence, cannot be excluded on the ground of uncertainty.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Dan Golden was convicted for failure to work the public roads, and he appeals. Affirmed.

Part of the oral charge objected to is as follows: "If from a fair and just consideration of all the evidence in the case you are satisfied beyond a reasonable doubt that defendant did not have a sufficient excuse, then it will be your duty in this case to convict defendant."

H. J. LANCASTER, and GEORGE L. SMOOT, for appellant. The court erred in admitting the record of the report of the road viewers, and of the Commissioner's Court establishing the road.—Sec. 5774, Code 1907; 39 Cyc. 103, 121. The court erred in refusing to permit it to be shown that there was an appeal from the order of the commissioners establishing the road.—Secs. 5775-6, Code 1907. The court erred in refusing the affirmative charge as the order establishing the road was void for uncertainty.—39 Cyc. 131. The court erred in its oral charge to the jury.—*Scott v. State*, 110 Ala. 48; *Pearson v. State*, 99 Ala. 150.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The order establishing the road could not be collaterally attacked in this proceeding, and the court was without error in admitting the minutes. The only purpose of the appeal was to correct the assessment of damages for the taking of certain lands, and hence, could not affect the order of the court establishing the roads. The court was not in error in any of its charges.

PELHAM, J.—The defendant in the circuit court appeals from a judgment of conviction for failing to work a public road.—Code, § 7737.

On the trial of the case it was shown that the defendant had been warned to work on the opening of a new road not therefore established, and the state introduced in evidence the record of the order of the commissioners' court establishing the road, the record of the report of the road viewers, and other minutes of the commissioners' court showing the establishment of the road as a public thoroughfare. The defendant objected to the introduction of this record evidence, on the ground that

the description marked out as the route of the road was vague, uncertain, and indefinite as set forth in the orders of the commissioners' court as shown by the minutes. There was no contention on the trial but that the road overseer gave the defendant warning to work the road, stating the time and place the defendant was to meet the overseer and go to work. The road at the time the defendant was warned had been established, and had been marked by blazed trees and center stakes, and the defendant admitted that he received the warning and understood where and when he was to work, and knew that others were working there that day, and made no defense for not working on any ground going to not knowing the place because of indefiniteness in the description of the location of the road, but, on the contray, showed clearly by his own testimony that he knew and understood exactly when and where he was warned to work, and offered as the only excuse for not having done so the sickness or physical condition of his wife. Nor do we think the record of the minutes of commissioners' court subject to the collateral attack attempted through the objections made by the defendant to its introduction in evidence.

The defendant sought to introduce in evidence the records of the court showing an appeal pending at the time of the trial by one of the owners of land, through which the road was established. The court committed no error in sustaining the state's objection to the introduction of this evidence. It could have no bearing on the issues of the case; the propriety or legality of the report of the viewers, or order establishing the road, were not matters that could even be reviewed on that appeal; the only matter involved in it was the amount of damages to which the landowner might justly be entitled for that part of his land taken.—*Cleckler v. Mor-*

*row,* 150 Ala. 525, 43 South. 784; *Ballard v. Cook,* 166 Ala. 105, 52 South. 147.

The oral charge of the court taken as a whole was a fair statement of the law applicable to the facts and issues before the court, and there is no merit in the objection to that portion to which an exception was reserved.

The statute (Code, § 7737) by analogy applies to work on new roads as well as on those already established, and the court properly refused the general charge, and submitted the case to the jury on the evidence introduced on the trial.—*Howell v. State,* 171 Ala. 62, 54 South. 542.

No error is shown, and the judgment of the lower court is affirmed.