## James *v.* The State.

### Failure to Work Road.

(Decided May 30, 1916.   Rehearing denied August 1, 1916.
72 South. 585.)

1. **Constitutional Law; Statutes; Decision.**—Where the act was not materially different from the Code law as to roads in this state, and the first section of the act provided that the act and the general laws of the state not in conflict therewith, should constitute the laws of the county, it is not necessary to decide whether the local act is constitutional, since a conviction for a violation could be had under the Code system as well as under the local law.   Courts will not listen to objections to the constitutionality of a statute where the rights of the parties are not thereby affected.

2. **Highways; Work on; Default.**—In this case the evidence presented a question for the jury as to whether defendant was warned, and whether or not his failure to work the highway was willful.

3. **Same; Warning.**—Where defendant had worked the first five days without objection, this was tantamount to a warning in person, and did not excuse default for failure to work the last five days.

APPEAL from Macon County Court.

Heard before Hon. M. B. ABERCROMBIE.

Bunk, alias Buster James was convicted for failure to work public road after warning, and he appeals.   Affirmed.

WILLIAM VARNER, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—This is a prosecution under section 7737 of the Code of 1907, which subjects persons liable to road duty who willfully fail or refuse after legal notice to work the public road in person or by substitute without sufficient excuse to a fine of not less than $1 nor more than $3 for each day's default.

(1) There is no material difference in the pertinent provisions of the general laws of the state, subjecting persons to road duty, fixing the limits thereof and the manner of apportioning and warning hands to work on the public roads, and those found in the local laws applicable to Macon county as expressed in Acts 1909 (Special Session) pp. 376-384; Code 1907, §§ 5777, 5779, 5808.   The first section of the local act provides that:

"This act and the general laws of the state not in conflict with this act, shall constitute the law for Macon county."

Therefore, whether the local act be constitutional or not, the prosecution may be sustained under the general law; and for this reason the constitutionality of the local statute is not necessarily presented in this case. It is a familiar rule of law that courts will not listen to objections made to the constitutionality of a statute by parties where their rights are not affected thereby.—*Shahone v. Bailey,* 110 Ala. 310, 20 South. 359; *Jones v. Black,* 48 Ala. 540; *State, ex rel. Perkins v. Montgomery Light Co.,* 102 Ala. 594, 15 South. 347; *Bozeman v. State,* 7 Ala. App. 151, 61 South. 604.

The oral charge of the court must be considered in the light of the evidence and construed as a whole, and, when so considered, the portion of the oral charge excepted to was free from error.—Code 1907, § 5779.

(2) The evidence offered by the state showed that the overseer of the road appointed a person to warn the hands liable to road duty on the road in question, and turned over to him the list of names of those to be warned, including the defendant's name, and sent him to give the warning. At the time and place appointed for the work, the defendant appeared with the others, and worked five days of the time; the other hands worked the full time, ten days. The defendant contends that he returned to the road on the sixth day and, not finding the overseer and the other hands, he went to the house of the overseer for instructions, but did not find him, and did not attempt to put in further time. The evidence for the state shows that the other hands were on the road on the sixth day, and continued to work from day to day for the full ten days. The question as to whether the defendant was warned and whether or not his default was willful was, on the evidence, for the jury.—*Jones v. State,* 7 Ala. App. 180, 62 South. 306.

(3) The prosecution is for default made in failing to work for the last five days, and, the defendant having attended and worked the first five days without objection, this was tantamount to warning in person, and that is all the law requires.—*Chancey v. State,* 170 Ala. 83, 54 South. 522. The other charge refused to the defendant was confusing and argumentative, although it may have followed the language in the opinion of the Supreme

Court used arguendo in passing upon the construction of a charge.—*Newsom v. State, infra,* 72 South. 579.

There is no error in the record, and the judgment of the court is affirmed.

Affirmed.