(75 South. 636)

### HICKS v. STATE. (1 Div. 245.)

(Court of Appeals of Alabama. May 29, 1917.)

**1. COUNTIES &#9770;52—COMMISSIONERS' COURT — APPLICATION OF JUDICIAL RULES.**

The court of county commissioners empowered to establish public roads is not subject to the rules applied to judicial courts as to time and place of exercising judicial functions, although the powers conferred by Act Sept. 22, 1915 (Acts 1915, p. 574) § 2, are vested in the court, and not the individuals constituting its personnel.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 63–65.]

**2. COUNTIES &#9770;52—COMMISSIONERS' COURT— POWER OF ADJOURNMENT.**

It was within the authority of the court of county commissioners to adjourn its terms from time to time within its discretion and to exercise its powers at such adjourned terms.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 63–65.]

**3. EVIDENCE &#9770;83(4) — PRESUMPTION—COMMISSIONERS' COURT—VALIDITY OF PROCEEDINGS.**

It will be presumed in the absence of contrary showing that the court of county commissioners proceeded regularly in all matters pertaining to the establishment of public roads, since such court is one of unlimited jurisdiction in such matters.

[For other cases, see Evidence, Cent.Dig. § 105.]

**4. HIGHWAYS &#9770;107(4) — COMMISSIONERS' COURT—COLLATERAL ATTACK.**

Where the jurisdiction of the commissioners' court was properly invoked by petition to establish the road, the judgment is not subject to collateral attack, although irregularities may appear in the proceedings.

**5. HIGHWAYS &#9770;151(2) — COMMISSIONERS' COURT—POWER TO PRESCRIBE PUNISHMENT.**

A court of county commissioners had no power to prescribe rules fixing punishment for violations of the road law, since by Acts 1915, p. 574, § 2, conferring authority on the commissioners' court, power to fix punishment was not delegated to them.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 415, 416.]

Appeal from Clarke County Court; A. S. Johnson, Judge.

Ambus Hicks was convicted of violation of by-laws adopted by the court of county commissioners relative to highway construction, and appeals. Affirmed.

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 14 Ala. App. 665.

Poole & Bedsole, of Grove Hill, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. Some of the questions presented in this case were considered in the case of Floyd v. State, 15 Ala. App. 654, 74 South. 752, and it is not necessary to restate the principles therein stated.

[1] Although the powers conferred by the act of September 22, 1915, are vested in the court of county commissioners, and not the individuals constituting its personnel, yet in the exercise of its legislative functions it is not subject to the rules applied to judicial courts as to the time and place such courts must exercise strictly judicial functions. Commissioners' Court of Coffee County v. Ballard, 185 Ala. 501, 64 South. 311; Ballard v. Cook, 166 Ala. 105, 52 South. 147.

[2] But, if such rules applied, it was within the authority of the court to adjourn its terms from time to time, within its discretion, and exercise the powers at such adjourned term. Matkin v. Marengo County, 137 Ala. 155, 34 South. 171.

[3] The commissioners' court being a court of "unlimited jurisdiction" in the matter of establishing public roads, in the absence of an affirmative showing to the contrary, the presumption will be indulged that its proceedings in such matter were in all things regular. Matkin v. Marengo County, supra; McLaughlin v. Hardwick, 14 Ala. App. 570, 70 South. 305; Stephens v. Court of County Com'rs, 180 Ala. 531, 61 South. 917.

[4] It appearing that the jurisdiction of the court was properly invoked by a petition to establish the road, though irregularities may appear in the proceedings, the judgment is not subject to collateral attack. Logan v. Central Iron & Coal Co., 139 Ala. 548, 36 South. 729; Golden v. State, 10 Ala. App. 235, 64 South. 517.

The petition filed with the court of county commissioners of Clarke county, for the establishment of the public road in question was signed by the defendant and others, and recites "the undersigned citizens of said county respectfully represent unto your Honorable Court," etc., and the evidence shows that the defendant was duly warned to assist in opening up the road, and that he worked thereon under the overseer one day and a good part of another.

Section 24 of the by-laws adopted by the court of county commissioners is as follows:

"24. *Who to Aid in Opening New Road.* On opening new roads all persons not exempt, living within three miles thereof are liable to work thereon and the overseer opening such road must warn all persons within that distance, and must proceed against any of them failing to attend and work as against other defaulters."

The evidence, we think, affords an inference that the defendant was liable to road duty on the road in question and authorized the conclusion announced in the judgment of guilty.

---

&#9770;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Howell v. State, 171 Ala. 62, 54 South. 542; James v. State, 15 Ala. App. 89, 72 South. 585.

The charge made in the complaint comprehends a default in failing to assist in opening a new road, and appellant's contention that there was a fatal variance in the averments and proof is not sustained. Howell v. State, supra.

[5] The authority to declare that a violation of the regulations and laws adopted by the court of county commissioners was a crime and to fix the punishment therefor was not delegated to that body, but was exercised by the Legislature in the enactment of section 2 of the act conferring authority on the court of county commissioners to adopt rules, regulations, and laws pertaining to public roads. Acts 1915, p. 574, § 2.

It follows, therefore, that section 66 of the rules and laws adopted by the court of county commissioners, prescribing the punishment for such violations, is void, but this does not call for a reversal of the judgment. The fine assessed was authorized by the statute, and the appellant has no ground to complain.

We find no error in the record, and the judgment is affirmed.

Affirmed.