(88 South. 35)

McCLURE v. STATE.    (1 Div. 412.)

(Court of Appeals of Alabama. Dec. 7, 1920.)

1. COUNTIES ⚖⇒52—ORDINANCE OF COMMISSIONERS AT ADJOURNED TERM HELD LEGAL.

Where minutes of court of county commissioners show the proper organization of the regular term of the court and regular adjournment and organization from time to time, including a term at which an ordinance levying a vehicle tax was adopted, no regular term of the court having intervened, the ordinance and acts done at the adjourned term were legal, under Acts 1919, p. 703.

2. COUNTIES ⚖⇒53—MINUTES OF COURT OF COUNTY COMMISSIONERS NOT REQUIRED TO BE KEPT WITH TECHNICAL ACCURACY.

Minutes of courts of county commissioners are not required to be kept with the same technical accuracy as are records of courts of general jurisdiction.

3. LICENSES ⚖⇒29—FOR VEHICLES FOR CALENDAR YEAR MAY BE REQUIRED BY ORDINANCE PASSED IN APRIL.

There is nothing in the Constitution to prevent requirement for payment of a full year's license for use of vehicles on the roads of a county from the adoption of an ordinance by the court of county commissioners in April until the end of the year, as laws may be passed which may comprehend past transactions, when such laws do not impair vested rights or the obligations of contracts.

4. LICENSES ⚖⇒6(12)—POWER TO LICENSE VEHICLES MAY BE DELEGATED TO COUNTY COMMISSIONERS.

The Legislature may delegate to the court of county commissioners authority to levy a vehicle tax for the privilege of using vehicles on the roads of a county, and has done so by Acts 1915, p. 573.

5. LICENSES ⚖⇒6(12) — COUNTY COMMISSIONERS CANNOT FIX PUNISHMENT FOR VIOLATION OF ORDINANCE, ENACTED UNDER A STATUTE FIXING PUNISHMENT.

Court of county commissioners, levying by ordinance a vehicle tax for the privilege of using vehicles on the roads of the county, under Acts 1915, p. 573, had no authority to fix the punishment for a violation of the ordinance, since this was done by the Legislature, and punishment for violation must be had under the act of the Legislature, and not under the ordinance.

6. INDICTMENT AND INFORMATION ⚖⇒61—AFFIDAVIT MUST SET OUT ORDINANCE VIOLATED.

An affidavit charging a violation of an ordinance promulgated by court of county commissioners must set out the ordinance.

7. CRIMINAL LAW ⚖⇒1131(3) — MOTION TO DISMISS APPEAL NOT GRANTED, IN ABSENCE OF MOTION TO SET ASIDE SUBMISSION ON MERITS.

A motion to dismiss appeal, being made after submission on the merits, could not be granted, in the absence of a motion to set aside the submission.

Appeal from Probate Court, Clarke County; Coma Garrett, Jr., Judge.

Petition by Frank McClure for a writ of habeas corpus to obtain a release from arrest. From an order denying the writ, he appeals. Reversed and rendered.

Q. W. Tucker, of Grove Hill, for appellant.

The commissioners' court derived its authority to levy this tax from Acts 1915, p. 573 (section 13) and their rules must be strictly construed. 16 Ala. App. 353, 78 South. 100; 129 Ala. 275, 30 South. 94. The tax must be levied on owners and not upon the property, and upon vehicles used upon the public road and not upon the roads. 117 Ala. 196, 23 South. 141. Section 4 of the rules and regulations is void, in that it creates a separate road fund for each precinct in the county. 172 Ala. 138, 54 South. 757; 56 South. 131. There is no order adopting said rules and regulations. 141 Ala. 250, 37 South. 425. Section 7 also renders the order void. 75 South. 276; 17 R. C. L. 513, 521. The rules were not operative for the year 1920; 200 Ala. 315, 76 South. 81; 19 La. Ann. 305. The affidavit charges no offense. ante, p. 465, 86 South. 169.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

The regulation was adopted at an adjourned term and was valid. Section 3310, Code 1907, as amended by Acts 1919, p. 703; 137 Ala. 155, 34 South. 171; 193 Ala. 521, 68 South. 971; 16 Ala. App. 88, 75 South. 636. The minutes show a sufficient adoption. 9 Ala. App. 201, 62 South. 466. The Legislature may adopt a retroactive law, if it so desires, provided it does not impair vested rights. 45 Ala. 196. The present tax is a license, with the privilege of using the public road and the exercise of the legisla-

tive power delegated. 77 South. 963; 15 Ala. App. 113, 72 South. 685; 16 Ala. App. 440, 78 South. 638; 204 Ala. 40, 85 South. 564; 86 South. 117; 25 Cyc. 627. The exemption is to prevent double taxation and is proper. 26 R. C. L. 254. The fact that the punishment is fixed by resolution does not affect its validity, since the punishment is fixed by the statute. 16 Ala. App. 88, 75 South. 636.

SAMFORD, J. The appellant was arrested on a charge of violating a rule or regulation promulgated by the court of county commissioners of Clarke county levying a vehicle tax for the privilege of using vehicles on the roads of the county. He sued out a writ of habeas corpus, alleging that the ordinance which he was charged with violating was invalid.

[1] The first contention is that the ordinance was not adopted at a term of the court authorized by law. The minutes of the court show the proper organization of the regular term of the court in February and regular adjournment and organization from time to time, including the term at which the ordinance was adopted. No regular term of the court having intervened, the acts done at the adjourned term are legal. Acts 1919, p. 703; Matkin et al. v. Marengo Co., 137 Ala. 155, 34 South. 171; Board, etc., v. Merrill, 193 Ala. 521, 68 South. 971; Hicks v. State, 16 Ala. App. 88, 75 South. 636.

[2] The minutes of the court show a sufficient adoption of the ordinance. It shows the proposal of the ordinance and its adoption by unanimous vote. Minutes of such courts are not required to be kept with the same technical accuracy as are records of courts of general jurisdiction. Adams v. Southern Ry. Co., 9 Ala. App. 201, 62 South. 466.

[3] There is nothing in the Constitution to prevent the requirement for the payment of a full year's license for use of vehicles on the roads from the adoption of the ordinance in April until the end of the year. The Legislature may pass laws which may comprehend past transactions when such laws do not impair vested rights or the obligations of contracts. Citizens' Mut. Ins. Co. v. Lott, 45 Ala. 185.

[4] The ordinance is clear and unambiguous, and similar ordinances have been many times upheld by this court. The Legislature may delegate the power to enact them and it has done so. Acts 1915, p. 573; Windham v. State, 16 Ala. App. 383, 77 South. 963; Foshee v. State, 15 Ala. App. 113, 72 South. 685; Dunlap v. State, 16 Ala. App. 440, 78 South. 638; Mills v. Conecuh Co. (Sup.) 85 South. 564;[1] Posey v. State, 86 South. 117;[2]

Strawbridge v. State, 16 Ala. App. 195, 76 South. 479.

[5-7] The court of county commissioners had no authority to fix the punishment for a violation of the ordinance. This was done by the Legislature, and punishment for violation must be had under the act of the Legislature, and not under the ordinance. Hicks v. State, 16 Ala. App. 88, 75 South. 636. The affidavit is not only defective in that it fails to sufficiently set out the ordinance (Isbell v. State, 86 South. 169),[3] but the affidavit charges no offense known to the law of this state and would not support a conviction for crime. It follows that the judgment must be reversed, and a judgment will be here entered discharging the defendant. The motion to dismiss the appeal, being made after submission on the merits, could not be granted, in the absence of a motion to set aside the submission, which motion was not made.

Reversed and rendered.

---

[1] 204 Ala. 40.     [2] Ante, p. 448.     [3] Ante, p. 465.