# Abernathy *v.* The State.

*Indictment for Grand Larceny.*

78   411
108  167

78   411
d141 150

1. *Repeal of statutes by implication.*—The repeal of statutes by implication is not favored, but is only allowed when the two statutes are in irreconcilable conflict, and a reasonable field for the operation of each can not be found; and if effect can be given to a part of the old statute, without violating any of the provisions of the new, the repeal is only partial.

2. *Organization of grand jury; supplying deficiency of jurors.*—By the statute approved February 17th, 1885 (Sess. Acts 1884-5, pp. 181-6), provision is made for drawing jurors, organizing juries, grand and petit, and supplying deficiencies which may occur on the organization in the first instance; but no provision is made for supplying deficiencies which may afterwards occur, as where the number of grand jurors is reduced below the minimum number by excuses allowed on account of sickness; and such deficiencies must, therefore, be supplied under the provisions of the former law (Code, § 4754), which, to this extent, is not affected by the later statute.

3. *Constitutionality of statute, as affected by variance between enrolled and engrossed bill, as shown by legislative journals.*—The said statute approved February 17th, 1885, providing for the organization of juries, etc., but excepting from its provisions certain named counties, is valid and operative in Colbert county, notwithstanding a variance between the enrolled bill, as signed by the presiding officers and approved, and the bill shown by the legislative journals to have been passed, by the insertion of Clay among the excepted counties.

4. *Description of property in indictment; clerical omission of words.* The omission of the word *of* in the indictment, in describing the ownership of the stolen property—as, "the property — A B"—is a mere clerical misprision, and does not render the indictment fatally defective.

FROM the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case was found in September, 1885, and charged that the defendant "unlawfully and feloniously took and carried away a gold watch, a gold chain, a gold breast-pin, two gold bracelets, of the value of $300, the property — Mrs. Bettie Eldred; against the peace," &c. The defendant moved to quash the indictment, on the ground that it was not found by a grand jury legally organized; and because the act approved February 17th, 1885, under which the grand jurors were drawn and summoned, was unconstitutional and void, because of a variance between the enrolled bill, as signed by the presiding officers and approved, and the original bill which passed the two houses of the General Assembly, as shown by the legislative journals. The court overruled the motion, and the defendant excepted. After conviction, the defendant moved in arrest of judgment, on the same grounds, and because the indictment did not allege the ownership of the stolen property; and he excepted to the overruling of his motion. The opinion of the court states the material facts bearing on these motions.

J. B. MOORE, and JAS. JACKSON, for the appellant, cited Clark's Manual, §§ 2208, 2565; 1 Brick. Digest, 517, § 962; 3 Stew. 123.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—From the jurors drawn and summoned prior to the term of the court, a grand jury, consisting of fifteen persons, was organized. After the organization, the grand jury was reduced below the legal number, one of the members having been excused because of sickness in his family. To supply the deficiency thus occurring, the court made an order, that the sheriff summon two persons from the qualified citizens of the county. Pursuant to the order, two persons were summoned, whose names were written on separate slips of paper, which were placed in a hat, and therefrom the name of one was drawn, who was sworn and put on the grand jury. The indictment was preferred and returned into court by a grand jury so organized. The order and proceedings were had under and in compliance with section 4754 of the Code.

It is contended, that section 4754 is repealed by the "Act to more effectually secure competent and well qualified jurors in the several counties of this State, with the exception that the provisions of this act shall not apply" to certain named

counties, Colbert not being one of the excepted counties.—Acts, 1884–85, p. 181. Section 15 of the act provides: "That section 4732 of the Code of Alabama, and all other laws and parts of laws, general and special, conflicting with the provisions of this act, be and the same are hereby repealed; but all laws now in force, in relation to jurors, their drawing, selecting, or qualification, not in conflict with this act, are hereby continued in full force and effect." After providing for a board of jury commissioners, and prescribing the mode of drawing and summoning grand jurors, the act provides, that out of the grand jurors so summoned and attending, the court shall organize a grand jury in the manner provided by law; and if a sufficient number of those summoned *shall not attend, when the grand jury is to be organized*, the court shall draw from the jury-box a sufficient number of names to complete such jury. These provisions of the act relate to the drawing and summoning of the jurors, and the organization of the grand jury in the first instance—those drawn before, and those drawn on the failure of a sufficient number to attend, out of which to organize a grand jury.

The repeal of statutes by implication is not favored; and unless there is a real repugnance, and no reasonable field for the operation of both statutes without displacing the provisions of either, the conclusion is, that the legislature intended both statutes should be in force.—*Herr v. Seymour*, 76 Ala. 270. And if there is an irreconcilable conflict, extending only to a part of the provisions of the older statute, the repeal is only *pro tanto*. By the express provision of the act, all laws relating to the drawing and selection of jurors, not in conflict with its provisions, are continued in force. No provision for drawing, or summoning, or selecting persons to complete the grand jury, in the event the number is reduced below fifteen, by excuses after it has been fully and regularly organized, is made. When the legislature, in terms, limited the drawing from the jury-box to the failure of a sufficient number of those previously drawn to attend, and to the time of the organization of the grand jury, we can not, by construction, extend its operation, so as to repeal by implication a prior statute providing for subsequent contingencies. The original organization of the grand jury affords a reasonable field for operation of the later statute, without displacing the provisions of section 4754, in respect to the subsequent reduction of the number. The result is, that the provisions of section 4754, so far as they relate to the original organization of the grand jury, are repealed, but are continued in force, in respect to a contingency subsequently happening, whereby a deficiency in the legal number is created.

The constitutionality of the act of February, 1885, is assailed, on the ground that the act as enrolled, signed by the presiding officers of the two houses, and approved by the Governor, is not the same act as passed by the General Assembly. An examination of the journals shows, that the act was first introduced in the Senate, and, as passed, was applicable to all the counties in the State. It was amended in the House, so as to exempt from its operation forty counties,—among which were Chambers, Colbert, and Bullock; in which amendment, the Senate refused to concur. After failure of two or more conference committees to agree, another committee was appointed, who reported, that the House amendment be amended, so as to strike therefrom the counties of Chambers, Colbert, and Bullock, and by adding thereto Russell county. Both houses concurred in the report. The original enrolled bill, which was signed by the presiding officers, and approved by the Governor, is shown by inspection to be the same as the act passed by the two houses, except that in the enrolled bill Clay county is named among the excepted counties. We considered the constitutionality of a statute, where there was a similar difference between the act as passed and as enrolled and approved, in *Stein v. Leeper*, at the present term; and on the authority of that case, we hold that the statute in question is constitutional and operative as to Colbert county.

The absence of the word "of" in the description of the ownership of the property is clearly a clerical omission, and does not render the indictment fatally defective. The context supplies the omission.—Whar. Crim. Pl. & Pr. § 275.

Affirmed.