# Miller, Treasurer, *v.* Griffith.

*Motion for Summary Judgment.*

(Decided Jan. 11, 1911. 54 South. 650.)

1. *Statutes; Local Acts; Notice.*—Local Act 1907, page 628, is not violative of section 106, Constitution 1901, as the notice thereof contained a copy of the entire act, notwithstanding it did not contain the substance of any acts intended to be repealed or modified thereby.

2. *Same; Local Law.*—Local Acts 1907, p. 628, was intended as a revision of the entire law in regard to Bailiffs of the City Court of Birmingham.

3. *Same; Officers; Compensation.*—Local Acts 1907, p. 628, is not violative of section 104, Constitution 1901, as said section refers only to changing the compensation of officers during their term of office.

4. *Same; Amendment; Setting Forth Provisions.*—Section 45, Constitution 1901, reaches only those cases where the act is strictly amendatory or revisory in character; if a law is in itself complete, intelligible and original in form, it does not fall within this section of the constitution.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Motion by C. A. Griffith against H. C. Miller as treasurer of Jefferson county, for a summary judgment under section 5938, Code 1907, for services as bailiff of the city court of Birmingham. From a judgment granting

said motion, the treasurer appeals. Reversed and remanded.

NATHAN L. MILLER, and NEEDHAM A. GRAHAM, JR., for appellant. The act approved Aug. 6, 1907, is an affirmative statute revising the entire matter of all former statutes on such subjects, and will be construed as a substitute for them.—*Edson v. The State*, 134 Ala. 53; *Riggs v. Brewer*, 64 Ala. 282. Said act took from the sheriff any power he had heretofore to appoint bailiffs, and put that power in the judges of the courts.—Authorities *supra.* Sec. 45 of the Constitution has no application to the acts of the character of that approved Aug. 6, 1907, Local Laws 1907, p. 628; 26 A. & E. Enc. of Law, 718; 34 L. R. A. 656; 39 L. R. A. 126; *State ex rel. Rodgers*, 107 Ala. 444. The notice of the passage of the act was entirely sufficient, and it was not violative of sections 106 or 107, Constitution 1901.—*Tallassee v. Toombs*, 157 Ala 160; *Dudley v. Fitzpatrick*, 143 Ala. 162; *Wallace v. Board of Revenue*, 140 Ala. 491; *State ex rel Hanna v. Tunstall*, 145 Ala. 471; *Jacobs v. The State*, 144 Ala. 98. The act is not within the purview of subdivision 24, section 104, Constitution 1901.

W. K. TERRY, for appellee. It is the contention of the appellee that the judge's act does not repeal the sheriff's act authorizing the sheriff to appoint the bailiff, and that there is a field of operation for both acts.—1 Chitty on Bl. 260-1-2; Sec. 112, Constitution 1901; 20 South Rep. 818. Counsel also cite in this connection the various sections of the Code bearing on this subject, from the Code of 1852 to the present day. If this is not true, then the act of 1907, p. 628 is unconstitutional and void as violating subdivision 24 of section 104, Constitution 1901.—83 N. Y. 372. The act is violative of section 107. —*Tallassee v. Toombs*, 157 Ala. 160.

SIMPSON, J.—This is a motion by the appellee against the appellant, as treasurer of Jefferson county, under section 5938 of the Code of 1907, for a summary judgment for the sum of $60, claimed to be due the movant for services as bailiff of the city court of Birmingham. The motion states that "the movant was appointed as his deputy summoned to attend as bailiff on the city court of Birmingham by E. L. Higdon, sheriff of Jefferson county, prior to the month of November, 1908, and that he was acting under his commission and appointment as said bailiff for said city court of Birmingham during the month of November, 1908," and that the clerk of said court issued to him a certificate for said month's attendance.

On the 6th day of August, 1907, the Legislature enacted "An act to provide for the appointment by the judges of the city court of Birmingham of the necessary bailiffs for said court, and to fix the duties, powers, liabilities and compensation of said bailiffs, and to provide for the payment of their compensation." By said act said judges "are authorized, empowered and required to appoint the necessary bailiffs for said court not more than six in number," etc.; and it provides for their compension at $60 per month, to be paid out of the county treasury, and, after prescribing the duties and powers of said bailiffs, etc., closes with the usual repealing clause of all laws in conflict—Loc. Acts 1907, p. 628. It is evident that this act was intended as a revision of the entire law, whether general or special, in regard to bailiffs of said court. In both the title and the body of the act the said judges are not only authorized, but required, to appoint *the* necessary bailiffs of said court, thus necessarily excluding the right of the sheriff to appoint the same. It is admitted that notice, by publication for the time prescribed by law, was given before the introduc-

tion of said act in the Legislature, and that said notice contained a copy of the entire act.

It is insisted, however, that said act is violative of section 107 of the Constitution, because it did not contain the substance of the acts intended to be repealed or modified by said act. The acts which it is claimed are repealed or modified by said act of 1907, are, first, the act of February 18, 1897 (Laws 1896-97, p. 1430), which provided a compensation of $60 per month for bailiffs in regular attendance on the sessions of the criminal, city, and circuit courts of Jefferson county (Weakley's Local Laws of Jefferson Co., p. 580) ; second, section 17 of the act of February 28, 1889 (Laws 188-89, p. 1000), amending the act to establish the city court of Birmingham, which provides that "the sheriff, coroner and constables of the county of Jefferson, shall be required to attend said city court, preserve order, and execute and return its process and perform other duties, as requied by law, in all respects as in the circuit court; and the fees of said officers for services rendered * * * shall be the same as are now or may hereafter be allowed by law for the services in the circuit court" (Weakley's Local Laws of Jefferson Co., p. 598).

Section 106 of the Constitution provides that no special, private, or local law shall be passed, unless notice is first given, etc., "which notice shall state the substance of the proposed law." Section 107 provides that "the Legislature shall not, by a special, private or local law, repeal or modify any special, private or local law except upon notice being given and shown as provided in the last preceding section." The notice required in the preceding section is distinctly stated to be "the substance of the *proposed law*," and, as this section requires the same notice, it is difficult to see how the wording of the Constitution can be construed to mean anything else.

It is not necessary to decide whether or not a notice of an act, simply repealing another local law, would be construed as stating the substance of the proposed law, if it merely gave the title of the law to be repealed; but, however that may be, when an act makes definite provisions which are clear and unambiguous, and the entire act is published in the notice, it cannot be invalidated merely because the author of the act did not search for all of the laws which the enactment might repeal, and publish the substance of them also. It might take an astute lawyer, working some time, to ascertain just what laws the new one repealed by implication, and the result would be that every one proposing a new local law would have to publish a commentary and brief, in connection with the notice. The mere mention of a local law, amending a charter of a municipal corporation, shows how unreasonable such a construction would be.

Treating section 45 of our present Constitution, which has been brought forward from previous Constitutions, providing that "no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be enacted and published at length," this court said, at an early day (and the decision has been followed since), that: "It was never intended by the Constitution that every law which would affect some previous statute of variant provisions on the same subject should set out the statute or statutes so affected at full length. If it were so, it would be impossible to legislate. The constitutional provision reaches those cases where the act is strictly amendatory or revisory in its character. Its prohibition is directed against the practice of amending or revising laws by additions, or rather alterations which, without the presence of the original, are usually unintelligible. If a law

is in itself complete and intelligible, and original in form, it does not fall within the meaning and spirit of the Constitution."—*Ex parte Pollard*, 40 Ala. 77, 100; *Falconer v. Robinson*, 46 Ala. 340, 348, 354; *Wilkinson v. Ketler*, 59 Ala. 306, 310; *Gandy v. State*, 86 Ala. 20, 32, 5 South. 420; *Ex parte Thomas*, 113 Ala. 1, 6, 21 South. 369; *State ex rel., etc., v. Rogers*, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520. To the same effect is the decision of the Supreme Court of Tennessee.—*State v. Yardley*, 95 Tenn. 546, 32 S. W. 481, 34 L. R. A. 656, 671, 671.

It will be noticed, also, that neither of the local acts provides how the bailiffs should be appointed; but, even if the reference in one of them to the general laws could be interpreted as embodying the provisions of the general law in it, the principles above stated show that the act in question is not violative of section 107 of the Constitution.

The case of *Tallassee et al. v. Toombs et al.*, 157 Ala. 160, 47 South. 308, is not authority for the contention of the appellee, because the construction of sections 106 and 107 of the Constitution, expressed in the opinion by one of the Justices was concurred in by only two other Justices, while the Chief Justice and one of the Justices concurred on other grounds; the former holding that it was not necessary to pass upon the constitutional principle, and the latter distinctly disagreeing with the views expressed, and another Justice dissented.

The act in question is not violative of subdivision 24 of section 104 of the Constitution, which prohibits the Legislature from passing any private or local law "creating, increasing or decreasing fees, percentages or allowances of public officers." That section refers only to changing the compensation during the term of the officer, and cannot be construed as prohibiting the Legislature from making provisions for such matters as ap-

plicable to officers subsequently appointed, nor from abolishing offices.

It results that the court erred in overruling the demurrer to the motion, and in granting said motion. The judgment of the court is reversed; and a judgment will be here rendered, sustaining the demurrers to the motion and overruling the motion.

Reversed and rendered.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.