(76 South. 479)

STATE v. STRAWBRIDGE.   (6 Div. 369.)

(Court of Appeals of Alabama.   June 12, 1917.
Rehearing Denied June 30, 1917.)

1. CONSTITUTIONAL LAW ☞63(3) — DELEGATION OF POWERS—COURT OF COUNTY COMMISSIONERS.

The Legislature can delegate to the court of county commissioners of Lamar county the authority to make and promulgate rules and regulations the violation of which constitutes a crime.

2. LICENSES ☞7(8)—DOUBLE TAXATION.

A license tax upon vehicles is not unconstitutional and void as double taxation.

Appeal from Circuit Court, Lamar County; Bernard Harwood, Judge.

Proceeding by the State against Will Strawbridge for failure to procure a license. Demurrer to complaint was sustained, and the State appeals. Reversed and remanded.

Certiorari denied 201 Ala. 62, 77 South. 356.

W. L. Martin, Atty. Gen., for the State. Nesmith & Young, of Vernon, for appellee.

BRICKEN, J. [1] This appeal is on the record. There are but two propositions involved: The first question presented is, Can the Legislature delegate to the court of coun-

ty commissioners of Lamar county the authority to make and promulgate rules and regulations, the violation of which constitutes crime. This question has been decided in the affirmative in the following cases: Whaley v. State, 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; State v. McCarty, 5 Ala. App. 212, 59 South. 543; Floyd v. State, 15 Ala. App. 654, 74 South. 752.

[2] The next insistence is that the license tax upon vehicles is a double taxation, and is therefore unconstitutional and void. This question was decided adversely to the ruling of the lower court in the instant case in Hudgens v. State, 72 South. 605.[1] The court therefore erred in sustaining the demurrers to the complaint, and for the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.