(93 South. 233)

## CITY OF BIRMINGHAM v. EDWARDS.*
(6 Div. 895.)

(Court of Appeals of Alabama. April 4, 1922.
Rehearing Denied April 18, 1922.)

**1. Criminal law ⬲90(2)—Municipal recorder's court held authorized to prosecute practicing of medicine without license.**

Under Code 1907, §§ 1213–1229, the recorder of the city of Birmingham and the recorder's court of such city have jurisdiction of a prosecution for practicing medicine without a license from the State Board of Medical Examiners.

**2. Criminal law ⬲1017—Defendant voluntarily appealing from conviction in recorder's court to circuit court cannot question jurisdiction.**

One convicted in the recorder's court of practicing medicine without a license, having voluntarily appealed to the circuit court, cannot question the jurisdiction of such court to determine the appeal.

**3. Municipal corporations ⬲592(3)—Municipal ordinance forbidding practice of medicine without license not avoided by state law on the same subject providing different punishment.**

That the punishment for a violation of Code 1907, § 7564, as amended by Acts 1915, p. 661, relating to the practice of medicine without a license, is different from that provided for a violation of a municipal ordinance relating to the same subject does not render the ordinance void in toto, so as to prevent any prosecutions thereunder in the municipal court or in the circuit court on appeal, though the wrongful act be the same in both cases.

**4. Criminal law ⬲1167(2)—Defective joinder of counts held cured by striking one.**

Where a city brings a prosecution for practicing medicine without a license under the state statute, by another count puts defendant on trial for violation of a municipal ordinance for the same offense, such defect is cured by striking the first count.

**5. Municipal corporations ⬲642(1)—One tried under municipal ordinance cannot on appeal be tried for violation of state law.**

Where one is tried in the municipal court for practicing medicine without license, contrary to the municipal law, he could not on appeal be tried for an offense against the state law, although the acts or omissions charged against him violated both the municipal and state law, the statute providing that on appeal to the circuit court the trial should be de novo.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Prosecution by the City of Birmingham against James A. Edwards, for violation of an ordinance of said city relative to practicing medicine without license from the State Board of Medical Examiners. Judgment for the defendant, and the City appeals. Reversed and remanded.

The complaint filed in the circuit court by the city is as follows:

Count 1. "Comes the city of Birmingham, a municipal corporation, and hereby complains that James A. Edwards, within 12 months before the beginning of this prosecution, and within the police jurisdiction of the said city of Birmingham, did treat, or offer to treat, the disease of a human being without first having obtained a certificate of qualification from the State Board of Medical Examiners, contrary to and in violation of section 7564 of the Code of Alabama as amended by an act of the Legislature of Alabama approved September 22, 1915."

Count 2. Same as 1, down to and including the words "Medical Examiners" where they

occur together therein, and adds: "Contrary to and in violation of the laws and ordinances of the city of Birmingham."

Fred G. Moore, Graham Perdue, W. J. Wynn, and W. M. Woodall, all of Birmingham, for appellant.

The offense charged is denounced by section 7564, Code 1907, and by section 691 of the City Code. The recorder had jurisdiction to try. Section 1216, Code 1907. The ordinance under consideration was not void in toto, or even in part. 175 Ala. 260, 57 South. 30; 15 Ala. App. 367, 73 South. 298; 15 Ala. App. 606, 74 South. 730; 200 Ala. 436, 76 South. 368; 201 Ala. 74, 77 South. 369. The fact that the ordinance prescribed a different punishment from that prescribed by statute did not render it void or repugnant. 2 Ala. App. 454, 56 South. 603; 191 Ala. 75, 67 South. 389, Ann. Cas. 1916C, 1061. It must follow, then, that the court erred in the judgment rendered.

Wood & Pritchard, of Birmingham, and Morris, Winter, Esch & Holmes, of La Crosse, Wis., for appellee.

The city had no ordinance at all similar to the Code section, and if proceeded against at all the defendant must be proceeded against under the statute. Section 7564, Code 1907. And not by the city, but by the state. 1 Ala. App. 536, 55 South. 325. The ordinance under which the prosecution is sought to be maintained is repugnant to or inconsistent with the state laws, and therefore void. Authority supra.

BRICKEN, P. J. Appellee, Edwards, was prosecuted upon a warrant returnable to the recorder's court in the city of Birmingham. The warrant charged that the defendant "did treat, or offer to treat, the disease of a human being, without first having obtained a certificate of qualification from the State Board of Medical Examiners, contrary to and in violation of section 7564 of the Code of Alabama as amended by an act of the Legislature of Alabama approved September 22, 1915 (Acts 1915, p. 661), against the laws and ordinances of the city of Birmingham." To this charge the defendant filed pleas as to the jurisdiction of the recorder's court, the substance of the pleas being that the punishment fixed by the ordinance of the city of Birmingham (section 691 of the City Code) and the statute of this state (section 7564 of the Code) were inconsistent and repugnant each to the other, and, second, that there was no ordinance or law of the municipality which authorized any punishment to be inflicted by the municipal court as for the offense charged. The cause was decided adversely to the appellee, or defendant in the recorder's court, and he appealed from the decision and judgment to the circuit court of Jefferson county.

On appeal the city filed a complaint in the circuit court consisting of two counts, which the reporter will set out in the statement of facts. To this complaint the defendant moved to strike the first count, because it was a departure from the original complaint or affidavit in the recorder's court, in that the complaint in the recorder's court was for a violation of the municipal ordinance, and that the first count of the complaint in the circuit court was for an offense against the laws of the state of Alabama, and on the further ground that the recorder of the city of Birmingham had no jurisdiction to try offenses against the state statutes. The circuit court sustained the motion to strike the first count of the complaint, to which action of the court the city of Birmingham excepted.

The defendant thereupon filed numerous pleas to the jurisdiction of the court and refiled the pleas which he had in the recorder's court. These pleas sought to raise the question that the circuit court had no jurisdiction because the defendant was tried in the recorder's court for a violation of the municipal ordinance, and also sought to have him tried in the circuit court as for a violation of a state statute. The city of Birmingham moved the court to strike the pleas from the file upon the ground that they were immaterial and frivolous, and that they set up no facts to constitute a plea as to the jurisdiction of the court, and that the pleas showed on their faces that the circuit court did have jurisdiction.

The court overruled the city's motion to strike the pleas, and the city then demurred to the remaining pleas, all of which went to the jurisdiction of the court to hear the cause, and the court overruled the city's demurrer to the pleas and sustained the pleas to the jurisdiction of the court, and dismissed the prosecution, from which action, orders, and judgment of the court the city of Birmingham prosecutes this appeal.

[1] We are constrained to hold that the circuit court erred in overruling the city's demurrers to defendant's pleas, which went to the jurisdiction of the court to hear and decide the prosecution against the defendant. There can be no doubt that the recorder of the city of Birmingham and the recorder's court of that city had jurisdiction as to the person and subject-matter of the prosecution instituted against the defendant in the municipal court. Sections 1213–1229. These sections, being parts of the municipal Code of Alabama, and applicable to the city of Birmingham, vested the recorder with full jurisdiction in criminal and quasi criminal matters, and authorized such recorder to impose the penalties which were prescribed by ordinance for the violation of ordinances, and they also conferred upon the recorder the power of an ex officio justice of the peace and judge of county courts.

These statutory provisions also confer power upon the recorders, upon conviction, to impose fine and imprisonment and sentence to hard labor. Likewise there can be no doubt-that the circuit court on appeal, which was prosecuted by the defendant (appellee here) had jurisdiction both as to the person and subject-matter of the prosecution. On appeal the statute provides that the case shall be tried de novo, and the judge of the appellate court may impose punishment by fine, imprisonment, in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper, and as may be authorized by law.

[2] The defendant having voluntarily appealed to the circuit court, he could not question the jurisdiction of the court to hear and determine the appeal; but, of course, the prosecution being de novo, he had a right to demur to the complaint or file any proper and appropriate plea either in bar or abatement of the suit. The Supreme Court of this state has settled the question, so far as this court is concerned, that section 691 of the City Code of Birmingham is not void. Sloss-Sheffield Co. v. Smith, 175 Ala. 260, 57 South. 29; Fealy v. City of Birmingham, 15 Ala. App. 367, 73 South. 296; and Bracely v. Noble, 201 Ala. 74, 77 South. 368. It is expressly decided in these cases by the Supreme Court of this state that reference statutes are not void. The statutes of this state have authorized municipalities to provide that a violation of any misdemeanor statute of the state may be made a violation of the municipal ordinance of such municipality. Ordinances so providing have been held valid by the Supreme Court in the above cases. It was also decided in these cases that the fact that a municipal ordinance provided that a person guilty of a misdemeanor under state statutes should be guilty of a violation of the municipal ordinances also did not render the ordinance void merely because there may be misdemeanors, violations of the state statutes, which would be inapplicable to the exercise of municipal authority. The ordinances in such cases would not be void in toto, but void or inapplicable only in so far as the statute would be inapplicable to the exercise of municipal authority.

[3] It has been likewise decided by the Supreme Court that the mere fact that the punishment for a violation of a municipal ordinance was different from the punishment for a violation of a state statute for the same acts or omissions which constituted a violation of both the ordinance and the state statute did not render the ordinance void in toto. To apply the principle to this case, the fact that the punishment as for a violation of section 7654 of Code 1907 is not identical or the same as that for the violation of the municipal ordinance in question would not render the ordinance void in toto, so as not to authorize any prosecutions thereunder in the municipal court, or in the circuit court on appeal, though the wrongful act or omission charged against the defendant was the same in both cases; that is, if the defendant did the acts charged in the affidavit or complaint in the recorder's court, and also those charged in the complaint in the circuit court, the acts or omissions being the same, the mere fact that the ordinance prescribed a different punishment from that prescribed by statute did not render the ordinance void to such extent that it would not support a prosecution.

It may be that, in the prosecution in the recorder's court, if the defendant had been convicted, he should have been punished as prescribed by section 7564 of the Code, rather than as prescribed by section 1216 of the Code, as was provided in the ordinance. It may be that the municipal Code, with the amendments thereto, has provided that there should be uniformity as to the punishment as for violation of municipal ordinances and for state statutes, and that the punishment prescribed by the state statute should control; but as to this we do not now decide, because it is unnecessary, if not improper, in the present decision in this case. This for the reason that, if it be conceded that the defendant, if convicted in this case, should be punished as is provided for in section 7564 of the Code, rather than as prescribed by section 1216 of the municipal Code, this would go to the measure of punishment that should be inflicted, and not as to the jurisdiction of the court to try the case.

Remembering that the recorder has been given jurisdiction of offenses as for violation of misdemeanor statutes, as well as for violation of municipal ordinances, and remembering that the municipality has been authorized to provide by ordinance that the violation of the misdemeanor statute may also be made a violation of municipal ordinance—that is, the same act or omission may be made an offense against both the state and municipal law—and that the recorder has jurisdiction of cases as for violation of municipal ordinances, and that he is by statute made ex officio justice of the peace and judge of the county court as for a violation of a misdemeanor statute, and that on appeal to the circuit court the trial is de novo, it results that the circuit court on appeal has jurisdiction to try as for a violation of the municipal ordinance or as for a violation of a misdemeanor statute.

It may be that a defendant cannot be put upon trial at the same time under the same complaint as for a violation of a municipal ordinance and also as for a violation of a misdemeanor statute; but as to this we do not decide, because not necessary. But, as both the recorder's court and the circuit court had jurisdiction, the offense in question being against the municipality, and

against the state of Alabama, it results that the circuit court erred in holding that it had no jurisdiction of the prosecution of this case.

It is perfectly evident that the prosecution in this case in both the recorder's court and in the circuit court was for the violation of the municipal ordinance, and not for a violation of the state statute. By virtue of the statutes of this state and the ordinance, the violation of section 7564 of the Code, which was charged in the complaint, was made an offense against the municipality. It may be that the ordinance in question would be invalid or ineffective as to same, but not as to all offenses, under the decision of the Supreme Court in the case of Krenlhaus v. City of Birmingham, 164 Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492, but that case was so far modified or explained in the case of Sloss-Sheffield Co. v. Smith, 175 Ala. 263, 57 South. 29, as to uphold the ordinance in question so far as it relates to violations of section 7564 of the Code of Alabama.

The cases of Montgomery v. Davis, 15 Ala. App. 606, 74 South. 730, Ex parte Davis, 200 Ala. 436, 76 South. 368, and Culpepper v. Adams, 1 Ala. App. 536. 55 South. 325, are not contrary to the holding and decision in this case, and are not apt authorities to justify the ruling of the trial court in sustaining the pleas to the jurisdiction of the circuit court.

[4] The only serious objection we find to the complaint in the recorder's court, or in the circuit court, is that there was an attempt by the city on the prosecution in the circuit court to put the defendant on trial under the first count as for a violation of the state statute, and by the second count, to put him on trial as for a violation of the municipal ordinance. This defect, however, was cured by striking from the complaint the first count.

As above stated, we do not now decide or attempt to decide whether or not a defendant may be put upon trial in the recorder's court, or on appeal to the circuit court, for a violation of the state statute and the municipal ordinance. We merely mention or refer to the fact in this opinion, for the reason that there was evidently an attempt in the circuit court to put the defendant on trial for a violation of the municipal ordinance and also for a violation of the state statute. But the complaint was amended by striking out the first count, which attempted to put the defendant on trial for a misdemeanor under the state statute; and, consequently, he could not have been tried in the circuit court except for a violation of the municipal ordinance. Notwithstanding the mere fact that the acts or omissions complained of against the defendant constituted a violation of both the state statute and of the ordinance, and the mere fact that the complaint alleged that the acts complained of were in violation of the state statute, yet he was put upon trial and was tried in the recorder's court as for an offense against the municipal ordinance and not as for an offense against the state law.

[5] Having been tried in the municipal court by the recorder as for an offense against the municipal law, on appeal he could not be tried for an offense against the state law, although the acts or omissions charged against him did violate both the municipal and state law. The statute providing that on appeal to the circuit court the trial should be de novo, the defendant could not be tried in the circuit court for an offense of which he was not tried in the municipal court. As before stated, striking from the complaint count 1 removed this objection or cured this defect.

It results that the judgment of the lower court, is erroneous, and is reversed, and a judgment is here rendered sustaining the city's demurrers to the jurisdiction of the circuit court, and the cause is remanded for further proceedings.

Reversed and remanded.