(95 South. 490)

## STATE v. KIRKPATRICK. (6 Div. 103.)

(Court of Appeals of Alabama. Oct. 24, 1922. Rehearing Denied Nov. 21, 1922.)

**1. Statutes ⬤—161(1)—Statute embracing entire subject-matter repeals prior statute.**

Where the provisions of a statute cover the entire subject-matter of a former statute and are clearly intended as a substitute for all the provisions of the former, the former statute is repealed, regardless of the inconsistency or repugnancy of the statutes.

**2. Statutes ⬤—64(5)—Local law not invalid because one section was omitted from advertisement.**

Loc. Acts 1907, p. 702, § 4, amending Loc. Acts 1903, p. 214, and providing that all male persons in the county between 17 and 45 years of age shall be required to work the public roads six days each year or to pay a money compensation therefor, is not invalid as conflicting with Const. 1901, § 106, requiring the advertisement of local laws, as not having been advertised as required; the several sections of the amending statute relating to distinct items, and the omission of one of the advertised sections in no way affecting or limiting the force of the other sections.

**3. Highways ⬤—95(1)—Law held to limit powers conferred on Walker county highway commission.**

Loc. Acts 1919, pp. 41, 163, creating a highway commission for Walker county and defining its powers and duties, which repealed Loc. Acts 1900—01, p. 1740, and Loc. Acts 1903, p. 214, pertaining to the same subject, but by sections 3 and 9 specifically adopted section 1 of the Act of 1915 (Gen. Acts 1915, p. 573), which provides that nothing herein shall be construed to authorize the courts of county commissioners to make rules or laws in conflict with local or special laws providing for the working of public roads, limits the powers conferred on the highway commission of Walker county in so far as those powers conferred by sections 3 and 9 conflict with Loc. Acts 1907, p. 702, § 4, which is not repealed but still remains in force and effect.

**4. Statutes ⬤—141(2)—A statute by reference adopting an existing statute is not amendatory.**

Under Const. 1901, § 45, providing that no law shall be revived, amended, or extended by reference to its title only, a statute which refers to an existing statute and by reference adopts its provision is not amendatory and does not contravene the constitutional provision.

**5. Statutes ⬤—170—Revival of a dead statute by mere reference is a nullity.**

Code 1907, c. 135 (sections 5765–5843), having been repealed prior to the enactment of Loc. Acts 1919, p. 41, establishing a highway commission for Walker county, section 4 of the Act of 1919, purporting to give to the highway commission the authority given to the court and county commissioner by chapter 135 of the Code 1907, conferred no power thereunder, since such attempt to revive a dead statute by mere reference is a nullity.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Habeas corpus by S. B. Kirkpatrick. On hearing, petitioner was discharged, and the State appeals. Affirmed.

Certiorari denied, Ex parte State of Alabama, 209 Ala. 16, 95 South. 494.

S. B. Kirkpatrick, a resident of beat 22, Walker county, and subject to road duty, was warned by the beat captain to work the roads in said beat. Thereafter defendant tendered to the beat captain the sum of $4 as a commutation of road duty. The tender was declined by the beat captain, who stated that he would receive the sum of $7.50 as road tax from the defendant in lieu of work on the road. Defendant renewed his tender of $4, demanding a receipt in full of his road tax. The beat captain refused to accept the tender. Defendant refused to work the road, after which he was arrested and taken into custody by an officer of the law.

By his petition for the writ of habeas corpus, defendant sets up the invalidity of rules and regulations adopted by the Walker county highway commission fixing the period of work on the roads and the amount of tax in lieu thereof, as being without authority of law; that the act approved February 15, 1919 (Local Acts 1919, pp. 41, 163), under which said rules and regulations were purported to have been made, did not effect the repeal of the act approved August 2, 1907 (Local Acts 1907, p. 701); that said act of 1907 is still in force and effect; and that the defendant, in tendering $4 as payment of his road tax, complied with the law.

The circuit court granted the writ, held that the act of 1907 was in force, and discharged the petitioner. From that order the state appeals.

Harwell G. Davis, Atty. Gen., and C. R. Wiggins and A. F. Fite, both of Jasper, for the State.

The act of 1919 was a complete revision of the laws pertaining to roads and bridges in Walker county, and operated as a repeal of all former laws on the subject. 171 Ala. 337, 54 South. 650; 134 Ala. 50, 32 South. 308; 142 Ala. 80, 39 South. 164; 143 U. S. 18, 12 Sup. Ct. 369, 36 L. Ed. 60; 11 Wall. 88, 20 L. Ed. 153; 39 Ala. 675; 4 Ala. App. 279, 58 South. 944. The act of 1919 is not violative of section 107 of the Constitution. 171 Ala. 337, 54 South. 650.

Ernest Lacy, of Jasper, for appellee.

Repeal of statutes by implication is not favored, and two statutes in apparent con-

flict should be construed, if possible, so both may stand. 64 Ala. 207; 108 Ala. 336, 18 South. 816; 164 Ala. 529, 51 South. 159; 102 Ala. 357, 14 South. 793; 160 Ala. 168, 49 South. 78; 36 Cyc. 1146. When a specific subject has been specially provided for by law, it will not be considered as repealed by a subsequent law dealing with a general subject in a general way, even though the special subject may be included in the general subject and general provision. 164 Ala. 529, 51 South. 159; 108 Ala. 336, 18 South. 816. Notice of intention to apply for amendment of a local act, which merely sets out the title of the act without stating the substance, is not a sufficient compliance with constitutional requirements. Const. 1901, § 107; 140 Ala. 491, 37 South. 321.

SAMFORD, J. The questions presented by this appeal involve the validity and construction of the local statutes affecting the public road system of Walker county. If the acts of the Legislature of 1919 hereinafter set out are valid and, compass and embrace the whole subject, then the trial judge was in error in discharging the defendant.

The law insisted upon by the state as being the governing force respecting the subject is contained in two acts of the Legislature of 1919, the latter amendatory of the former, and when read as now amended is as follows:

"An act to create a county highway commission for Walker county, Alabama, and to define the powers and duties thereof.

"Be it enacted by the Legislature of Alabama:

"Section 1. That a county highway commission for Walker county to consist of three members, who shall be freeholders and residents in said county is hereby created and established. The Governor shall designate the member to be chairman of the said commission. One member of the commission shall hold office for two years, and until his successor is appointed and qualified, one member shall hold office for four years and until his successor is appointed and qualified; and one member shall hold office for six years and until his successor is appointed and qualified. Provided further that the two members of the commission now serving shall continue to hold office until the expiration of their terms and until their successors are appointed and qualified. Provided further that the members of the commission to be appointed under this section shall hold office for a term ending six years from the date of the approval of this amendment and until his successor is appointed and qualified. All vacancies occurring in said commission shall be filled by the appointment of the Governor. Each member of the commission shall hold office until his successor shall be appointed and qualified. Upon the approval of this amendment the Governor shall appoint the third member of said commission as herein provided for. The Governor may at his discretion appoint two assistant highway commissioners, each of whom may exercise the same powers and authority as any one of the commission and discharge the same duties.

"Sec. 2. The members of the highway commission shall receive no compensation for their services, but shall be paid all their actual expenses necessarily incurred in the prosecution of their duties. They shall be paid by the county treasurer out of the road and bridge fund of the county upon warrants issued by the chairman of the county highway commission.

"Sec. 3. The county highway commission is vested with the general superintendence of the public roads within Walker county, and may establish new and change and discontinue old roads, and shall improve and maintain the public roads, bridges and ferries of said county so as to render travel over same as safe and convenient as practicable. To this end they are given legislative, judicial and executive power. They may establish, promulgate and enforce new rules, regulations and laws, not inconsistent with this act, which are necessary to make, improve and maintain a good system of public roads, bridges and ferries in said county and regulate the use thereof.

"Sec. 4. The said county highway commission is hereby given all the authority and power given to courts of county commissioners with reference to public roads, bridges and ferries by chapter 135 of the Code of Alabama of 1907.

"Sec. 5. With the consent of the court of county commissioners the county highway commission may hire out to contractors for work on the public roads all county convicts. Nothing herein contained shall be construed as depriving the court of commissioners of supervision of the convicts hired on the public roads, but such court shall have and exercise such supervision and shall be charged with the same duties as to such convicts as now provided by law, and shall prescribe the forms of contracts and bonds to be made and given for the hire of convicts on said roads.

"Sec. 6. The chairman of the commission shall keep or cause to be kept full and accurate minutes of the meetings, and of all things done at such meetings of the county highway commission, in a well-bound record book, to be paid for out of the road and bridge fund, which shall be one of the public records of the county, and be kept in the office of the probate judge of said county. The county highway commission shall also have prepared at the expense of the road and bridge fund a book of warrants which warrants shall have stubs to be left in the warrant book. For all expenditures on account of the road and bridge fund, the chairman of the commission shall draw warrants, which shall state the name of the person in whose favor the warrant is drawn, and the amount thereof, and the account for which it is drawn, and the stub shall contain a like statement. When presented to the county treasurer such warrants shall be paid by him out of the road and bridge fund. When not being actually used by the commission such book of warrants shall be in the custody of the probate judge. The commission shall make a sworn, detailed statement, at least once every six months of all warrants drawn on the road and bridge fund, to whom and for what account paid, which statement shall be filed in the office of the probate judge

and be open to public inspection. Reasonable compensation may be paid for clerical help for keeping the minutes of the meetings and for other clerical work which this act requires the chairman of the commission to do.

"Sec. 7. If an appeal is taken under section 5776 of the Code, then the county highway commission, upon the deposit into court for the party whose land is sought to be condemned, of the amount of the damages and compensation so assessed, together with the cost of the proceeding, shall be entitled to enter upon the land so condemned, and survey and use the same, provided, however, that the easements shall not vest absolutely until final determination of the cause, and the payment or deposit into court of such damages and compensation as shall then be adjudged.

"Sec. 8. The members of the commission shall, before entering upon the duties of the office, take an oath to be administered by the probate judge to faithfully perform the duties of their office.

"Sec. 9. The said county highway commission shall be vested with all the power, authority and duties now conferred by law upon the court of county commissioners with reference to every matter relating in any way to the construction, maintenance, improvement and repair of roads, bridges and ferries, including the right to order elections for the issuance of bonds, and the power and right to sell and issue any bonds that have heretofore been authorized, as required by law, but which have not been sold and issued.

"Sec. 10. That an act entitled 'An act to better provide for establishing, working and maintaining the public roads and bridges of Walker county, Alabama,' approved March 1, 1901, and also an act entitled 'An act to amend an act entitled an act to better provide for establishing, working, and maintaining the public roads of Walker county, Alabama' approved March 1, 1901, and approved March 6, 1903, shall be and are hereby repealed.

"Sec. 11. That all laws in conflict with this act, local, general and special, in so far as they pertain to Walker county, Alabama, be, and the same are hereby repealed."

Local Acts 1919, pp. 41 and 163.

The above act by its terms repeals act approved March 1, 1901 (Loc. Acts 1900-01, p. 1740), and an act approved March 6, 1903 (Loc. Acts 1903, p. 214), pertaining to the same subject, and by section 11 repeals all laws in conflict, either local, general, or special.

[1] It would therefore appear that the Legislature in dealing with the subject in hand undertook to cover the entire subject-matter embraced in the former act, and it is correctly conceded by counsel for appellee, as expressed in his brief:

"Where the provisions of a subsequent statute cover the entire subject-matter of a former statute, and are clearly intended as a complete substitute for all the provisions of the former, a repeal of the former statute is had." 25 R. C. L. 914, § 167, authorities under note 13.

The application of this rule is not dependent on the inconsistency or repugnancy of the new legislation and the old. It is held by many authorities that the old legislation will be impliedly repealed by the new, though there is no repugnancy between them. Morris v. Indianapolis, 177 Ind. 369, 94 N. E. 705, Ann. Cas. 1915A, 65; State v. Wilson, 43 N. H. 415, 82 Am. Dec. 163; Pratt Institute v. N. Y., 183 N. Y. 151, 75 N. E. 1119, 5 Ann. Cas. 198; Miller v. Griffith, 171 Ala. 337, 54 South. 650. This rule seems to be unquestioned in Alabama, the Supreme Court speaking through Tyson, J., saying regarding a statute of similar import:

"The last act is an affirmative statute revising the entire subject-matter of the former and was evidently intended as a substitute for it. This being true, it had the effect of repealing the former, although containing no express words to that effect." Edson v. State, 134 Ala. 50-53, 32 South. 308.

To the same effect are the following: State v. Lamar, 5 Ala. App. 259, 59 South. 737; Abernathy v. State, 78 Ala. 411; David v. Levy, 119 Ala. 241, 24 South. 589; Allgood v. Sloss-Sheffield S. & I. Co., 196 Ala. 500, 71 South. 724; Sutherland Stat. Con. §§ 153 and 154. The Local Acts of 1901 and 1903 are by the express terms of the 1919 act repealed, and the local act of 1907, except as is hereinafter pointed out, is impliedly repealed and superseded by the latter act; it being clear to us that the Legislature in dealing with the subject embraced in the act intended to cover the entire subject. As if to be certain that the act should be so construed, after specifically repealing the Local Acts of 1901 and 1903, section 11 was added, repealing all laws, local, general, or special, in conflict with the law then being enacted.

[2] In passing upon the questions involved in this case, it first becomes necessary to pass upon section 4 of local acts of the Legislature of 1907, Local Acts 1907, p. 702, which for convenience will hereinafter be referred to as "Local Acts 1907." Section 4 of that act provides "that all male persons in Walker county over the age of eighteen and under the age of forty-five years," shall be required to work the public roads six days in each year, or to pay a money compensation fixed therein, in lieu thereof. It is contended first by the state that the entire local act of 1907 is invalid as being in conflict with the Constitution of 1901, § 106, in that the same was not advertised as required by law. The contention as to the facts stated being, prior to the introduction of the law, it was advertised, as required by the Constitution, that a local law would be introduced and passed, to amend sections 1, 2, 6, 7, 9, 10, 11, 15, 24, 25, 38, and 39 of local act 1903, then in force for Walker county, and when the local law was introduced and passed said act omitted sec-

tion 12 of the act advertised, which section 12 provided for the amendment of section 39 of the act of 1903, to be amended. By a reference to the acts of 1903 and 1907, it will be seen that each advertised amendment relates to distinct items going to make up the general road law of Walker county, and that the omission of one of the advertised sections in no way affected or limited the force of the other sections. The proposal was not for one single amendment to the act of 1903, but for twelve separate amendments, and the failure to include one in the act passed, which did not materially affect the others, would not render the amendments, so passed, invalid.

[3, 4] Section 1 of the act of 1915, Acts 1915, p. 573, being the act specifically adopted by sections 3 and 9 of the act of 1919, supra, expressly provides:

"Nothing in this act shall be construed to authorize the courts of county commissioners [or like boards] to establish, promulgate or enforce any rules, regulations or laws which may be in conflict with a local or special law providing for the working, maintenance, change, discontinuance or improvement of the public roads, bridges or ferries of such county, now in force or which may hereafter be enacted."

This law has the effect to limit the powers conferred on the county highway commission of Walker county by sections 3 and 9 in so far as those powers, as to the items above enumerated, conflict with the local act of 1907, supra. It has long been the law in this state that statutes which refer to and by reference adopt other statutes are not amendatory, or revisory in character, and do not violate section 45 of the Constitution of 1901, which provides that:

"No law shall be revived, amended or the provisions thereof extended or conferred, by reference to its title only."

See Miller v. Griffith, 171 Ala. 337, 54 South. 650; City of Birmingham v. Edwards (Ala. App.) 93 South. 233; 1 State ex rel., etc., v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520.

None the less, when they are so adopted, they carry the limitations of power, as well as the power named. That being the case, and section 4 of the local act of 1907 being expressly protected by section 1 of the act of 1915, from which alone the county highway commission would be authorized to require defendant to work the roads or to pay money in lieu thereof, we must hold that section 4 of the local act of 1907, supra, is not repealed and is still in force and effect.

[5] Under the adopting sections of the 1919 act, supra, the county highway commission has all the powers enumerated in Acts 1915, p. 573 et seq., except in so far as they conflict with the local law of 1907, providing for the working, maintenance, change, discontinuance, or improvements of the public roads, bridges, or ferries of Walker county; but the highway commission gets no power from section 4 of the act of 1919, supra. Where it is undertaken to revive a dead statute by mere reference, the attempt is a nullity. Chapter 135 of the Code of 1907, having been repealed section 4 of the act of 1919, supra, confers no power. Stewart v. State, 100 Ala. 1, 13 South. 943. If this conclusion affected the result in this case, this question would be submitted to the Supreme Court under the statute. The local act of 1919, supra, must therefore be construed, in conjunction with the local act of 1907, as well as with the following: Acts. 1915, p. 573; Posey v. State, 17 Ala. App. 448, 86 South. 117; Hicks v. State, 16 Ala. App. 88, 75 South. 636; State v. Strawbridge, 16 Ala. App. 195, 76 South. 479; Id., 201 Ala. 62, 77 South. 356; Oliver v. State, 16 Ala. App. 533, 79 South. 313; Mills v. Conecuh County, 204 Ala. 40, 85 South. 564; Conecuh County v. Simmons (Ala. App.) 95 South. 488.2 The act approved September 22, 1915, supra, as amended by act approved August 1919, supra, was designed to take the place of chapter 135 of the Code of 1907, and while the powers contained in that act as amended are not incorporated into or made a part of the special act approved February 15, 1919, Local Acts 1919, p. 41, the effect is the same. Subject to the limitations above pointed out, the right is given, the duty declared, or burden is imposed by section 9 of the local act; the enforcement of the right or duty and the final imposition of the burden are directed to be in the form and by the procedure given by the other general laws referred to. Such is the view expressed by Brickell, C. J., in State ex rel. v. Rogers, 107 Ala. 444-455, 19 South. 909, 32 L. R. A. 520.

It follows that the trial court did not err in his conclusion, and the judgment is affirmed.

Affirmed.

## On Rehearing.

It is urged in appellant's brief, on rehearing, that this court is in error in its holding in the original opinion as follows:

"By a reference to the acts of 1903 and 1907, it will be seen that each advertised amendment relates to distinct items going to make up the general road law of Walker county, and that the omission of one of the advertised sections in no way affected or limited the force of the other sections. The proposal was not for one single amendment to the act of 1903, but for twelve separate amendments, and the failure to include one in the act passed, which did not materially affect the others, would not render the amendments so passed invalid."

---

1 18 Ala. App. 459.

2 Post, p. 65.

We stand on the foregoing statement. The conclusion seemed so clear. to the writer as not to require citation of authority; however, the holding is sustained, in Green v. State, 143 Ala. 2, 39 South. 362, which appears to be entirely analogous, and the general principle is announced in McGehee v. State, 199 Ala'. 287, 74 South. 374, that—

"A narrow and literal construction would destroy all power of amendment in the legislative process, so that the Legislature would be required to accept, if at all, every local bill in the exact terms of its proposal. Not being inclined to hamper legislation unnecessarily, this court has held that the Constitution was not intended to interfere with the right of the Legislature to shape up and work out the details of local legislation."

In other cases the Supreme Court has held to similar views, the last approval being McCreless v. Tenn. Valley Bank (6. Div. 711) 208 Ala. 414, 94 South. 722.

Application overruled.