PATTERSON, Judge.
Appellant, Stephen Rodgers Jones, was found guilty of driving while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975, by the Baldwin Circuit Court, sitting without a jury. The court imposed a fine of $500, plus costs.
Officer Bobby Lavender of the City of Daphne Police Department testified that he arrested appellant for driving under the influence of alcohol, after discovering appellant’s vehicle parked partly on “U.S. Highway 98.” According to Lavender, the vehicle’s engine was “running,” and appellant was “sound asleep” behind the steering wheel. Lavender observed a can of beer between appellant’s legs and detected a strong odor of alcohol about appellant’s person. The officer was unable to awaken appellant, but managed to remove appellant from his vehicle, place him in the patrol car, and transport appellant to jail. Lavender was unable to conduct any tests for intoxication on appellant because at no time during the course of these events did appellant regain consciousness.
The defense declined to question Lavender. The State then rested its case. Appellant moved for a judgment of acquittal, arguing that the State failed to prove a prima facie case, which was denied by the trial court. The defense then rested without presenting any evidence.
I
Appellant first contends that the City’s failure to file certain documents required by § 12-14-70(d), Code of Alabama 1975, constituted an abandonment of prosecution and, therefore, the circuit court lacked jurisdiction to try the case. We first note that this case was an appeal from the district court for trial de novo in the circuit court.[1] Section § 12-14-70(d) is applicable only to appeals from municipal courts; when the appeal is from district court, § 12-12-70(b) is controlling. Section 12-12-70(b) has no provision similar to § 12-14-70(d), therefore, appellant’s contention is without merit.
II
Appellant next contends that the circuit court lacked jurisdiction over his appeal from district court because the district attorney’s complaint alleged a violation of a state statute, i.e., § 32-5A-191, rather than the municipal ordinance, i.e., City of Daphne Municipal Ordinance 1979-6, for which he was tried in district court. The city did not introduce the municipal ordinance into evidence at the trial in circuit court, and there is no reference to the municipal ordinance in the district attorney’s complaint.
Appellant’s contention is supported by the authority of City of Birmingham, v. Edwards, 18 Ala.App. 459, 93 So. 233 (1922). Edwards involved an appeal to the circuit court from a certain ruling by the “recorder’s court.” Id. at 460, 93 So. at 233. On the appeal to the circuit court, the city filed a complaint consisting of two counts: The first alleging violation of the state statute, the second alleging violation of the municipal ordinance. Id. at 462, 93 So. at 235. The court of appeals held that any defect in such a procedure was “cured by striking from the complaint the first count.” Id. However, the court further noted, as follows:
“Having been tried in the municipal court by the recorder as for an offense against the municipal law, on appeal he could not be tried for an offense against the state law, although the acts or omissions charged against him did violate both the municipal and state law. The statute providing that on appeal to the circuit court the trial should be de novo, the defendant could not be tried in the circuit court for an offense of which he was not tried in the .municipal court.”
Id. at 462, 93 So. at 235. The basis of the above quoted language is explained in 62 *589 C.J.S. Municipal Corporations § 379 (1949), as follows:
“When on appeal the case is triable de novo, it stands as though no judgment had ever been rendered in the lower court, the judgment and proceedings in the lower court being then but a step toward the jurisdiction of the appellate court, and effective for no other purpose if the appellate court makes final disposition of the case without reinstating the judgment of the trial court; and the appellate court, without a trial de novo, can neither affirm, reverse, nor amend the judgment of the lower court. While the trial in the appellate court is de novo, it is still the same case, involving a prosecution for the violation of a municipal ordinance, and accused cannot be tried for an offense against the state law, although the acts or omissions charged against him did violate both municipal and state law.” (Emphasis added, footnotes omitted.)
Section 12-12-71(b) clearly provides that appeals from final judgments of the district court “shall be to the circuit court” for trial de novo. Appellant was originally charged with the violation of a municipal ordinance, which was not the violation alleged in the district attorney’s complaint. The city’s failure to plead and prove the municipal ordinance, the violation of which appellant was charged and convicted in district court, was error. Since the appeal to circuit court was de novo, appellant could not, therefore, be tried in circuit court for the violation of an offense for which he was not tried in district court. Appellant’s motion to dismiss the complaint should have been granted.
Ill
Appellant’s final contention is that the city failed to prove venue. The attorney general argues that venue may properly be proven by circumstantial evidence. Lewis v. State, 461 So.2d 12 (Ala.Cr.App.1985). In this case, there was sufficient circumstantial evidence from which the trier of fact could have reasonably concluded, though just barely, that proper venue was proven.
Based on the foregoing, the judgment below is due to be, and it is hereby, reversed, and the case is remanded.
REVERSED AND REMANDED.
All Judges concur.

. Since the record shows that the violation of the municipal ordinance was initially tried in district court, we presume that cases involving violations of Daphne municipal ordinances are tried in Baldwin District Court pursuant to action taken in accordance with Ala. Const., Amendment No. 328, § 6.065, and § 12-14-17, Code of Alabama 1975.