PER CURIAM.
Appellant appeals the judgment of conviction and sentence imposed following the revocation of his probation. Appellant asserts the trial court erred by revoking his probation for having been convicted in Alabama of two offenses. We agree.
After serving nine months of a prison sentence, appellant was released on probation. Condition k.5 prohibited appellant from violating “any law of any city, county, state, or the United States.” Thereafter, appellant was involved in two incidents in Alabama, resulting in municipal convictions for harassment and reckless endangerment. Appellant timely appealed these convictions, which are subject to de novo review in an Alabama circuit court.
Based upon these Alabama municipal convictions, the state filed an affidavit of violation, which provides,
*88 I. VIOLATION OF CONDITION (K.5), Order of Probation, by violating any law of any city, county, state or the United States, in that, on October 14, 1997, he was convicted of the crime of Harassment, in the Albertville City Court of Alabama and sentenced to ten (10) days in the Marshall County Jail. II. VIOLATION OF CONDITION (K.5), Order of Probation, by violating any law of any city, county, state, or the United States, in that, on October 14, 1997, he was convicted of the crime of Reckless Endangerment in the Albert-ville City Court of Alabama and sentenced to ten (10) days in the Marshall County Jail.
A probation violation hearing was held, wherein the state introduced evidence of the Alabama municipal convictions and the underlying conduct. The trial court’s oral pronouncement and written order of revocation specifically found appellant had been convicted of the two Alabama offenses.
On appeal, appellant argues that because the municipal court judgment is ap-pealable for a trial de novo in an Alabama circuit court, he has not been convicted. Therefore, appellant maintains his probation should not have been revoked on the grounds that he was convicted, because he is entitled to a trial de novo and the circuit court has .not yet ruled. The state does not address this issue in its brief.
Rule 30.3(a) of the Alabama Rules of Criminal Procedure (1998) provides that “[a] defendant may appeal from a final judgment in a criminal case entered by a municipal or a district court for trial de novo in the circuit court.” ' Id. The Alabama Supreme Court has stated,
A trial de novo, within the common acceptation of that term,, means that the case shall be tried in the Circuit Court as if it had not been tried before, and that that court may substitute its own findings and judgment for that of the lower tribunal. Or as stated in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407[ (1928)]:
* * * when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, * * * a trial de novo means a new trial ‘as if no trial had ever been had, and just as if it had originated in the circuit court.’ ”
Ball v. Jones, 272 Ala. 305, 132 So.2d 120, 122 (1961). “A trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another Court.” Clark v. City of Mobile, 357 So.2d 675, 678 (Ala.Crim.App.1978) (quoting Yarbrough v. City of Birmingham, 353 So.2d 75 (Ala.Crim.App.1977)). Further,
[w]hen on appeal the case is triable de novo, it stands as though no judgment had ever been rendered in the lower court, the judgment and proceedings in the lower court being then but a step toward the jurisdiction of the appellate court, and effective for no other purpose if the appellate court makes final disposition of the case without reinstating the judgment of the trial court.
Jones v. City of Daphne, 519 So.2d 587 (Ala.Crim.App.1986) (citing 62 C.J.S. Municipal Corporations § 379 (1949)), rev’d in part on other grounds, Ex parte Jones, 519 So.2d 589 (Ala.1987).
In the present case, appellant had filed his appeal for trial de novo in an Alabama circuit court, but the case had not yet proceeded to trial at the time of the revocation hearing in Florida. Because this appeal causes the “slate to be wiped clean,” . appellant’s probation revocation could not be based on these convictions. As such, we reverse the trial court’s order revoking appellant’s probation.
REVERSED.
STONE, C.J., GUNTHER and FARMER, JJ., concur.